Benjamin *et al.* *vs.* Gill.

---

R. Benjamin *et al.*, administrators, plaintiffs in error, *vs.* J. M. Gill, administrator *de bonis non,* defendant in error.

(By two judges).—1. Where A, by his will, devised a tract of land to be sold and the proceeds to be divided between B and C, and appointed B his executor, and B proved the will and took out letters, and went into possession of the premises, A having lived thereon at his death, and B afterwards died:

*Held,* that, in an action of ejectment, brought by the administrator *de bonis non* of A against the widow of B and his administrator, the defendants were estopped from setting up title in B, acquired previously to the death of A. Whether the title is good or bad, the defendants

cannot set up a title adverse to that under which B got possession of the premises.

2. A trustee or executor cannot, after he has accepted the trust, set up a title averse to the trust.

3. Where land is devised to B and C, and the testator, after making his will, conveys the land by deed to B, whom he appoints his executor; and who qualifies as such after the death of testator. *Quere,* whether B it estopped from denying that the land passed by the will.

4. It need not appear when the Court adjourned, if it appear that the bill of exceptions was tendered to the Judge, and certified within thirty days from the beginning of the Court. (R. See end of report.) 5th March, 1872.

Estoppel.  Landlord and Tenant.  Ademption of Legacies.  Before Judge JOHNSON.  Marion Superior Court. October Term, 1871.

Gill, as administrator, *de bonis non cum testamento annexo,* of James Perryman, brought ejectment against Mrs. Perryman and E. H. Worrill, as administrators of A. G. Perryman, son of James Perryman.

Plaintiff showed that James Perryman had title to the premises in his lifetime, and that he died in 1864, testate. His will was introduced. It was made in 1854. By it the premises in dispute were devised to his said son and Mrs. Jones, and said son and Jones were nominated as his executors. It was shown that in January, 1865, said son propounded James Perryman's will for probate, had it admitted to record, took the usual oath as executor, and obtained letters of executorship. It was shown that the son, A. G. Perryman, took possession of the premises in 1865, and his widow in 1869. With proof as to mesne profits, plaintiff rested the cause.

Defendant's counsel read in evidence a deed of gift from James Perryman, made in 1856, conveying said premises to said son, A. G. Perryman, but reserving the use and occupation thereof during his life. They offered to prove that ·from the death of the father, the son, up to the date of his own death, occupied, used and held the premises, claiming

them as his own. This evidence was rejected. The Court charged the jury that A. G. Perryman's representatives were estopped from claiming adversely to said James Perryman's representative if said premises were devised by the will and A. G. Perryman had proven the will and taken an oath to execute it. The jury found for the plaintiff. The rejection of said evidence, and said charge are assigned as error.

(Defendant's counsel moved to dismiss this case because it did not appear when the Court below adjourned. But the motion was overruled, because it appeared that the bill of exceptions was tendered to the Judge and certified within thirty days from the beginning of the Court.)

B. HILL; B. B. HINTON; E. H. WORRILL, for plaintiffs in error. As to estoppel : 1 Jarman on W., 13 ; 21 Ga. R., 21, 45; 2 Sm. L. Cas., 453, 555; 5 Cush. R., 596, 601 ; 15 La. An. R., 679 ; R. Code, section 3700; 23 Ga. R., 520, 526. This was an adeemed legacy : R. Code, section 2427.

M. H. BLANFORD; E. H. MILLER, for defendant.

McCAY, Judge.

1. It seems very plain from the evidence in this case, that the executor of old Mr. Perryman got possession of this land by virtue of his office as executor. His possession was the possession of the estate, and the administrator *de bonis non* cannot be met in an action of ejectment by a claim of title in the executor adverse to the estate. This is a familiar principle, and is fully sustained by the authorities.

2. It is also clear, from principle as well as authority, that a trustee who has accepted the trust, cannot set up title adversely to his *cestui que trust.* It would be contrary to public policy to permit a trustee thus to take advantage of his opportunities to learn the defects in the title of the beneficiaries; and by accepting the trust he has acknowledged that the title is not in himself. We do not think the cases read show

any distinction in the case of an executor from other trustees. Some distinctions have been drawn as to what stage of the proceedings, what time in the history of the executorship, this estoppel commences. But I do not think there is one where he has been fully clothed with the trust, in which he is not held to be bound by his acceptance. Whether this case comes clearly within the rule, we have some doubt.

3. There may be some question, whether this legacy passed under the will at all. Was it not, if this deed be valid, an adeemed legacy? And can the executor be fairly said to claim adversely to the will, when the date of his claim is subsequent to the will? Can he be fairly said to contradict the will, when by the very deed he sets up, he recognizes that at the date of the will the title was in the testator, under and from whom his own title is derived. Our judgment is put solely on the question of possession, and we express no opinion on the other question.

Judgment affirmed.