The Gress Lumber Company v. Coody.

1. A deed which conveys 134 acres on the north side of a lot of land, described by its number, district and county, the lot being by statute a square, is sufficiently certain to embrace such a parallel-

| | |
|---|---|
| 94 | 519 |
| f112 | 520 |
| 94 | 519 |
| 116 | 357 |
| 116 | 945 |
| 94 | 519 |
| 121 | 535 |
| 94 | 519 |
| e123 | 398 |
| 94 | 519 |
| 125 | 540 |
| 94 | 519 |
| 128 | 128 |

ogram as would result from drawing a line across the lot, parallel with its northern boundary, so as to cut off 134 acres.

2. A lease which specifies that it is to embrace as many as fifty lots of land within certain described boundaries, may be applied by parol evidence to particular lots within those boundaries, notwithstanding the boundaries may comprehend more than fifty lots, the assignee of the lessee having entered under the lease upon the premises now in controversy, and the lessor, so far as appears, not contesting his right so to enter.

3. Deeds and other writings applicable to the matter in issue and broad enough in their terms to comprehend the premises in dispute, though not describing them specifically, were admissible in evidence in connection with the parol testimony offered therewith.

4. Had the defendant proved that the plaintiff's predecessor in title had, before the plaintiff purchased, sold and conveyed the timber upon the premises, the plaintiff's knowledge of the fact at that time would have been relevant testimony, but for lack of this preliminary evidence it was irrelevant when offered.

April 23, 1894.    Argued at the last term.        *Judgment reversed.*

Action of trespass.    Before Judge SMITH.    Dodge superior court.    September term, 1892.

The suit was for cutting and carrying away the pine timber on 134 acres of land lot 174 in the 20th district of Dodge county, from December 1, 1886, to August 2, 1887. Verdict and judgment for plaintiff were rendered,. and defendant excepted to the following rulings:

1. Plaintiff introduced a deed to himself from Elijah Jones, dated December 4, 1885, for " one hundred and thirty-four acres of land on the north side of lot number one hundred and seventy-four in the twentieth district of Dodge county." It was objected that this description was insufficient, and the objection was over-ruled.

2, 3. Defendant offered in evidence a lease from Mc-Arthur & Griffin to Steele & Co., dated September 20, 1881, reciting that the lessors, for stated considerations, have sold to the lessees the timber upon as many as 50 lots of land embraced in the 20th district of Dodge county, "to begin one lot above the district line between

the 15th and 20th districts, and to go as high as one lot above station 14, and thence along the original land line towards the Ocmulgee river to the corners of lots 205 and 216, and thence at right angles along the original line in a southeast direction to within one lot of the district line between the 15th and 20th districts, thence along the original land line back to the Macon and Brunswick railroad, thence up the southeast side of said railroad to one lot above station No. 14." The execution of this lease was proved, and J. A. Wooten testified that the territory therein described embraced the lot in question. He did not know the numbers of the lots so embraced, but knew the boundaries stated; at least 75 lots were within said boundaries, and lot 174 was one of them. Defendant also offered several papers consisting of a bond for title and deeds made in January, 1885, and February and March, 1886, whereby all the right, title and interest in all the property in Dodge county, consisting of leases, uncut timber, buildings, etc., owned by Steele & Co., passed from them to defendant; and further offered to prove by Wooten that the timber on the land in question was cut and paid for by defendant under said bond and deeds; that it was embraced therein and in the lease before mentioned, and that defendant paid the lessors for the timber on said land. All the evidence thus offered was rejected, on the grounds that the lease did not describe the land in dispute, and that the parol evidence was not competent.

4. Defendant offered to prove by Sapp, that plaintiff knew, when he bought the land in dispute, that the timber thereon had previously been sold by his predecessor in title to those under whom defendant claims, and knew he was not buying the timber but only the soil. This was rejected on the ground that defendant had not shown any written evidence of title to the timber.

DeLacy & Bishop, for plaintiff in error.
Roberts & Smith, contra.