BUSSEY *v.* BUSSEY *et al.*

1.  As a general rule, a trustee or executor cannot, after he has accepted the
trust, set up a title adverse to that trust.

2.  The rights of the plaintiffs, with the exception of the widow of the testa-
tor, depend upon their rights as legatees under the will. If the testa-
tor had no title to the land in controversy, the plaintiffs had none. As
the testator had made and delivered to his wife, in his lifetime, a deed
to the lands in question, the testator had no title at the time of his
death, and the legatees under the will obtained no title or claim to the
lands in controversy.

3.  Estoppel conveys no title.   While, in a contest between the plaintiffs and
the executor, he might be estopped from setting up title against them,
such estoppel would not authorize them to assert title to the lands in
controversy, under the allegations of the petition and under the evidence,

and under the verdict of the jury unexcepted to, that the deed from the testator to his wife had been executed and delivered by him to her, and accepted by her, and showed no title in the testator; and the court erred in decreeing the property in question to be property of the estate of the testator, and that it passed under his will, subject to be administered by the executor.

No. 3812.  FEBRUARY 26, 1924.

Equitable petition.  Before Judge Eve.  Turner superior court. March 24, 1923.

Rebecca S. Bussey and her children, some of whom joined her in the original petition and the others by intervention, the plaintiffs being heirs at law of H. W. Bussey, deceased, brought an equitable petition against A. S. Bussey as executor of H. W. Bussey, deceased, praying for his removal as executor, for an accounting, and for cancellation of certain deeds, one from Smith and Bussey to Rebecca S. Bussey, one from Mrs. R. S. Bussey to A. S. Bussey, and certain quitclaim deeds from the heirs of H. W. Bussey to A. S. Bussey. The record makes substantially the following case: E. R. Smith and H. W. Bussey were partners in business, and acquired title as such to certain lands.  On the dissolution of the firm in 1898 they divided the lands and each partner executed deeds thereto, the share going to H. W. Bussey being deeded to his wife, Rebecca S. Bussey, by E. R. Smith and H. W. Bussey on February 28, 1898.  This deed was subsequently delivered by H. W. Bussey to his wife.  On the death of H. W. Bussey his son, A. S. Bussey, who had been named as executor, probated his will, qualified as executor, and continued to act as such for about three years.  By the terms of the will the testator's entire estate, real and personal, was to remain and be kept intact until the death of his wife and the attainment of the majorities of all their children.  It was provided by the third item of the will that "All of my said property, during the time it shall remain intact, shall be subject to the control, management, and supervision of my executor hereinafter appointed; and my executor shall use my home place on lot of land No. 112 in the second district of Irwin, now Turner County, as a home for my wife, Rebecca S. Bussey, during her natural life or so long as she may desire to reside there, and likewise as a home for my unmarried daughters as long as they reside with their mother, and also of all my minor children until the attainment of their majorities or marriage before the attainment of their majorities.  I will and direct that my executor use the income

from my estate, during said period of time, for the following purposes: payment of debts; the benefit and support of my said wife during her life; the maintenance, support, and education of my minor children until the attainment of their majorities or marriage during minority; and the support and maintenance of my unmarried daughters who reside with their mother during her life or reside with my minor children after their mother's death. Item 4. I will that my whole estate, after the death of my wife, Rebecca S. Bussey, and the attainment of the majorities of all of our minor children, be divided and distributed share and share alike among my said children by said wife then in life, and the share of any child or children of ours, the intent hereof being that the share of any deceased child of mine shall enure to their children, if any; provided, (1) that in the event of the death of any of my children before or after said distribution, without child or children surviving them, then the share or shares of such deceased child or children shall revert to and again become a part of my estate, and the same distributed among my children then in life." By item 6 the testator relieved the appointed executor from making bond or having an appraisement of his estate, from making annual returns, etc. The property devised by the will is the property in controversy in the present suit. Between two and three years after A. S. Bussey had probated the will and qualified as executor, he discovered by accident the deed heretofore mentioned, conveying the lands in controversy to his wife. Thereupon A. S. Bussey filed a petition to the ordinary, after notice to all of the heirs and legatees under the will, praying for an order that he be discharged as executor, on the ground that the lands devised by the will had previously been conveyed to Mrs. R. S. Bussey. There was no defense to this petition, and the ordinary passed an order discharging the executor from administering upon these lands. From this judgment there was no appeal. Subsequently Mrs. Bussey executed to A. S. Bussey a deed to the lands for a recited consideration of $44,000, and in further consideration, which was expressed in a separate contract, that he would support and maintain his mother during life and would support and educate her minor children. Some of this land was subsequently conveyed by A. S. Bussey to the Ashburn Bank for money borrowed.

On the trial of the case the court submitted three questions for the determination of the jury, to wit, "1. Was the deed of H. W. Bussey and E. R. Smith delivered to and accepted by Rebecca S. Bussey? 2. Did A. S. Bussey while executor of the estate of H. W. Bussey acquire in his own name the adverse claim of title of Rebecca S. Bussey to land in his hands as executor, without the full consent of the legatees? 3. Did Ashburn Bank when they took their deed from A. S. Bussey know the facts surrounding his claim of title?" To the first question propounded the jury returned an affirmative answer, that is, that the deed by H. W. Bussey and E. R. Smith was delivered to and accepted by Rebecca S. Bussey. No exception was taken to the verdict and judgment on the first question. The court directed the jury to answer the second and third questions also in the affirmative, and then entered the following decree:

"It having been made to appear in the above-styled case that the issues in said case to be tried by the jury were whether the deed from H. W. Bussey and E. R. Smith to Rebecca S. Bussey was delivered to and accepted by her, whether A. S. Bussey as executor acquired in his own name an adverse claim of title of Rebecca S. Bussey to the lands in his hands as executor without the full knowledge and consent of the legatees, and whether the Ashburn Bank took their deed from A. S. Bussey with full knowledge of the surrounding facts of his claim of title in said land; and the jury having returned their verdict accordingly, having been directed by the court to find that A. S. Bussey while executor as aforesaid did acquire an adverse claim of title in his own name without the full consent of the legatees, and that the Ashburn Bank took their deed from A. S. Bussey with full knowledge of all the facts surrounding his title, and the jury having found that the deed from H. W. Bussey and E. R. Smith was delivered to and accepted by Rebecca S. Bussey, it is therefore ordered, adjudged and decreed by the court as follows:

"1. That the deed made by Rebecca S. Bussey to A. S. Bussey as set out and described in the pleadings in said case was taken by the said A. S. Bussey at a time when he was charged as executor of the estate of H. W. Bussey Sr. with the administration of the land specified in said deed. The said deed from Rebecca S. Bussey to the said A. S. Bussey passed into the said A. S. Bussey the title of the said Rebecca S. Bussey for the said A. S. Bussey to hold the

same as executor of the will of H. W. Bussey and to be administered by him in accordance with the will of the said H. W. Bussey, and did not pass into the said A. S. Bussey any individual rights or interest whatever in any way in conflict with the terms and conditions of the said will of the said H. W. Bussey.

"2. It is further decreed that the Ashburn Bank, having full knowledge as hereinbefore set forth, acquired, by the deed made to it by A. S. Bussey as set forth in their intervention, no lien interest or claim of right as against the legatees of the will of H. W. Bussey, except as against the said A. S. Bussey himself in his individual capacity.

"3. It appearing from the face of the papers in the intervention of Chicago Mill & Lumber Company, Graham Paper Company, Mutual Fertilizer Company, Tifton Guano Company, and Georgia Fertilizer Co., that the fi. fas. of the said named intervenors are dormant, it is ordered, adjudged, and decreed by the court that the said fi. fas. constitute no lien either as against A. S. Bussey or any of the property involved in this litigation; that the property involved in this litigation is not in any way subject to the payment of the said fi. fas., or of the debts represented thereby, because they are individual claims against A. S. Bussey, and the trust estate aforesaid of the plaintiffs is not subject to the payment of the individual debts of the said A. S. Bussey, and such debts cannot be enforced against said trust estate by executions against said A. S. Bussey.

"4. It having been made to appear to the court that the amount claimed by the Ashburn Bank in their intervention is secured by deed or mortgage by A. S. Bussey to the said Ashburn Bank, it is therefore ordered and decreed that the said Ashburn Bank may proceed to enforce against the interest of the said A. S. Bussey their said deed or lien, either by an execution setting up said lien from this court under this decree, or by sale under power of attorney contained in their deed or mortgage aforesaid. The court, however, makes no ruling as to what interest the said A. S. Bussey has in said property, because it appears from the pleadings in said case that, in addition to having given a mortgage or deed to the Ashburn Bank upon the particular land described in said deed, the said A. S. Bussey made to other persons, as shown by the pleadings in this case, security deeds and mortgages on other portions of the land belong-

ing to the estate, of which he had been entrusted as executor; and inasmuch as the holders of the other deeds and liens aforesaid, to wit contract liens, are not before the court and are not bound by this decree, the court is without jurisdiction to pass upon the question of the amount of interest, if any, that A. S. Bussey has in the lands covered by the said mortgage or deed of the said Ashburn Bank.

"5. A. S. Bussey having in open court, upon the trial of this case, stated that he did not desire further to be connected with the administration of the estate of H. W. Bussey as executor, it is therefore ordered and adjudged by the court that the said A. S. Bussey be and he is hereby discharged from the office as executor of the last will and testament of the said H. W. Bussey, deceased, and the letters testamentary issued to him in the matter of said estate are hereby revoked.

"6. Parties plaintiff consenting thereto, it is ordered and adjudged by the court that W. K. Brooks be and he is hereby appointed trustee to take the place of the said A. S. Bussey; and as such trustee the said W. K. Brooks is clothed with all the authority given to the said A. S. Bussey as executor under the will aforesaid, and is charged with the duty of carrying out the wishes of the said H. W. Bussey as expressed in his said will in regard to all the property of the said H. W. Bussey, and the said W. K. Brooks shall give a bond in the sum of $5000 payable to Reason Paulk, clerk of the superior court of Turner County, Georgia, and his successors in office, conditioned for the faithful performance by the said W. K. Brooks of his duties as trustee of the estate of H. W. Bussey as herein set forth, and conditioned also that he make a fair, full, and complete settlement with the legatees under the will of the said H. W. Bussey in accordance with the terms of said will.

"7. Authority is hereby given to the said W. K. Brooks, as trustee aforesaid, to employ an agent to look after the real estate held under the will of the said H. W. Bussey and to collect the rents therefrom.

"8. It appearing that the defendant A. S. Bussey is insolvent, and that he is the only real defendant in said case, it is ordered and decreed by the court that the plaintiffs in said case be charged with all cost of this suit; and to this end judgment is rendered in behalf of the defendants in said case for the use of the officers of this court

against the plaintiffs, in the sum of $—— cost to be taxed by the clerk hereof.

"9. The property involved in this litigation being in the hands of J. H. Pate as receiver under order heretofore passed by this court, the court retains full jurisdiction hereafter to fix the fees of the receiver, and to give him further directions in the premises, and generally to do all other things that may be necessary or proper in finally winding up the receivership.

"10. The certain quitclaim deeds made by certain of the legatees under the will of H. W. Bussey to A. S. Bussey, as set forth and described in plaintiffs' petition in this case, are hereby decreed to have passed into A. S. Bussey title only as trustee for the makers of the said quitclaim deeds, and therefore such title as passed into A. S. Bussey under said quitclaim deeds is declared to be transferred back into grantors therein, and the said deeds are hereby ordered to be cancelled, and the clerk of Turner superior court is ordered and directed to write across the face of each of said deeds as it appears upon his records in his office the following words: 'This deed is cancelled and declared to be null and void under order of the superior court of Turner County, Georgia, in the case of Mrs. Rebecca S. Bussey et al. vs. A. S. Bussey et al.' Which said entry shall be dated by the clerk as of the date of such entry and signed by him.

"11. It was admitted by A. S. Bussey, defendant, in open court, that the foregoing quitclaim deeds were made to him without consideration paid to the makers thereof, at his request, for the sole purpose of enabling him to procure a loan upon the property in his own name, which loan he did not procure, and that he therefore claimed no right, title, or interest in the property described in said deeds, except as he had such title from sources other than said quitclaim deeds.

"12. The said A. S. Bussey having further stated in open court that the certain suit described in plaintiffs' petition brought by H. W. Bussey as next friend for Ruth Bussey and Frances Bussey was brought at the request of the said A. S. Bussey for the sole purpose of enabling him, the said A. S. Bussey, to procure a loan for himself individually upon the property that passed into his hands originally as the real esate of his father H. W. Bussey, and having failed to procure said loan individually, that he, the said A. S. Bussey,

claimed no right, title, or interest by reason of the judgment rendered in said case of H. W. Bussey as next friend against the said A. S. Bussey; it is therefore ordered and decreed by the court that the judgment rendered in said case of H. W. Bussey as next friend against A. S. Bussey be and the same is hereby decreed to be null and void, and no rights passed thereunder into the said A. S. Bussey and no rights were surrendered thereby by Ruth Bussey Coker and Frances Bussey Zorn.

"13.  This case is kept open and jurisdiction is retained in this court for any purpose that may be germane to the winding up of the estate of H. W. Bussey under the terms of said will, and leave is hereby granted to the trustee of said estate at any time to present to this court his petition for such order or direction as may be germane to the winding up. of said estate.  And the said case is kept open for the purpose of passing any other order or decree that may be necessary in the matter of the intervention of Armour Fertilizer Works in said case, there having been some agreement between the plaintiffs in said case and the Armour Fertilizer Works in regard to said interventions.

"Decree signed in open court at the March term, 1923.  This 24th day of March, 1923.  R. Eve, J. S. C. T. J. C."

To the direction of the verdict on the second and third questions, and to the decree thereon, A. S. Bussey excepted.

*Perry & Tipton, R. L. Tipton, E. A. Rogers, J. H. Pate,* and *A. S. Bussey,* for plaintiff in error.

*W. S. Mann, Hal Lawson,* and *Adams & Hardy,* contra.

HILL, J.  (After stating the foregoing facts.)

1. The court held that the deed made by Rebecca S. Bussey to A. S. Bussey, as described in the pleadings, was taken by A. S. Bussey at a time when he was charged, as executor of the estate of H. W. Bussey, with the administration of the lands specified in the deed; and that the deed from Mrs. Bussey to A. S. Bussey passed to him the title of Mrs. Bussey for A. S. Bussey to hold as executor of the will of H. W. Bussey and to be administered by him in accordance with the will of H. W. Bussey, and did not pass into A. S. Bussey any individual right or interest whatever in any way in conflict with the terms and conditions of the will.  The general rule is that "Trustees and other representatives with custody of papers have ample opportunities to discover defects in the title of property in

their care, and are estopped from setting up title adverse to their trust." Civil Code (1910), § 5739. The court below evidently placed its decision upon the general rule stated above, and certain decisions seemingly in accord with that rule. The defendants in error, in support of the decision of the learned trial judge, cite the cases of *Benjamin* v. *Gill,* 45 *Ga.* 110, 113, which was a decision of two Judges, and *Murphy* v. *Vaughan,* 55 *Ga.* 361, in which there was one dissent, and others of similar import. In the *Benjamin* case, Judge McCay, while laying down the general rule that a trustee or executor cannot, after he has accepted the trust, set up a title adverse to that trust, said: "There may be some question, whether this legacy passed under the will at all. Was it not, if this deed be valid, an adeemed legacy? And can the executor be fairly said to claim adversely to the will, when the date of his claim is subsequent to the will? Can he be fairly said to contradict the will, when, by the very deed he sets up, he recognizes that at the date of the will the title was in the testator, under and from whom his own title is derived? Our judgment is put solely on the question of possession, and we express no opinion on the other question." Whatever rights the plaintiffs in the court below have, except Mrs. R. S. Bussey, are derived from the will of H. W. Bussey, which had been duly probated and recorded. It will be observed by reading the third item of the will, set out in the statement of facts, that the testator disposed of all his property. With the exception of Mrs. R. S. Bussey, the plaintiffs can only claim as legatees under the will, and can assert no title as heirs at law. Their title depends upon the title of the testator at the time of his death. If the testator had no title to the lands in controversy at the time of the execution of his will and at his death, he having previously by deed conveyed these lands to his wife, they would have no title. The plaintiffs attack the deed from Smith and H. W. Bussey, on the ground that it had never been delivered; but on the trial of the case the jury found, in answer to the first question submitted to them by the court, that this deed had been delivered by the testator to his wife, and that the deed had been accepted by her. The plaintiffs did not except to this finding of the jury. So, it appears that the testator did not die seized of the land in controversy, and therefore he had no title to it. It follows that the plaintiffs can get no title to these lands as legatees under the will. How, then, are they entitled to

recover? They base their right to recover on the doctrine of estoppel. They allege and assert that A. S. Bussey is estopped from setting up a title which he holds under H. W. Bussey, by reason of the fact that he was appointed executor and acted as such, and having in his possession the lands in controversy and seeking to administer them. But if, as pointed out above, H. W. Bussey had no title to the lands, the plaintiffs have no title. This being so, the plaintiffs are not entitled to recover unless they acquire some title by estoppel which they set up against A. S. Bussey.

2. But estoppel conveys no title. *Sheppard* v. *Reese,* 114 *Ga.* 411, 413 (40 S. E. 282). While it is true that in a contest between the plaintiffs and Bussey he might be estopped from setting up title against the plaintiffs, such estoppel would not enable them to assert title to the lands in controversy upon their own showing under the allegations of the petition, and under the evidence and the verdict of the jury unexcepted to, finding that the deed from the testator to his wife had been executed and delivered by him to her and accepted by her. In these circumstances no title is shown in the plaintiffs; and for this reason the court erred in decreeing that the property was the property of the estate of the testator and that it passed under his will, that is, that A. S. Bussey, under the deed from Mrs. Bussey, held the property in trust for the benefit of the estate of H. W. Bussey, the testator.

3. What is ruled above being controlling of the issues in this case, it is unnecessary to decide whether the judgment of the court of ordinary relieving A. S. Bussey as executor is a valid judgment and binding on the plaintiffs.

*Judgments reversed.    All the Justices concur.*