ROGERS v. MANNING.

No. 16227. June 17, 1948.

772

*Douglas F. Thomas* and *S. Thomas Memory,* for plaintiff.

*W. Glenn Thomas* and *Joe Thomas,* for defendant.

HEAD, Justice. This is the second appearance in this court of an action in ejectment by W. C. Rogers against Mrs. Agnes Manning. (See *Rogers* v. *Manning,* 200 *Ga.* 844, 38 S. E. 2d, 724). In the former case, the jury returned a verdict for Mrs. Manning, and the judgment refusing a new trial was reversed by this court because the verdict was without evidence to support it. *Rogers* v. *Manning,* supra. It was there held that the answer of the defendant and the evidence on the trial did not show that the plaintiff was estopped under equitable principles from asserting his alleged ownership as against the defendant. After the judgment by this court, Mrs. Manning amended her answer by adding allegations relied upon by her as constituting an equitable estoppel. On the trial of the present case, the jury returned a verdict for the defendant, Mrs. Manning. The exception here is to the overruling of the motion for new trial, as amended, of the plaintiff Rogers.

The plaintiff and the defendant claim title to the property in dispute under a common grantor, Southeast Georgia Land Company, the plaintiff's immediate predecessor in title being Brunswick Peninsula Company. He claims title under his deed, dated February 7, 1927, and adverse possession of the land from the date of the deed until January 1, 1940. Mrs. Manning claims title under a deed, dated June 28, 1939, from William Bawell, and deed from the Southeast Georgia Land Company to William Bawell, dated December 17, 1913. All of the deeds were duly recorded.

On the trial, Rogers objected to the admission in evidence of the deed of Mrs. Manning from William Bawell, on the ground that the description in the deed is vague, indefinite, and does not constitute a title under the laws of this State. The description in the deed was read into the record as a part of the objection, and is as follows: "One hundred and twenty (120) acres more or less, in land lot 56 in the Third Land District of Wayne County, Georgia, beginning at the northwest corner of said lot on

original lot line, thence following said line east 1390 feet, more or less, thence south 300 feet more or less, to south side of North 8th Street, thence east along south side of North 8th Street to right-of-way of the Atlantic Coastline Railroad Company, thence south along said right-of-way 3710 feet more or less, thence west 3150 feet more or less to the west land lot line of said lot; thence north along said west land lot line to the beginning point. Said property being the same as conveyed by Southeast Georgia Land Company to said first party by deed bearing date of December 17th, 1913, and entry of record in Book of Deeds 34, page 398 of the public records of Wayne County Georgia."

The same objection was made in regard to the deed from Southeast Georgia Land Company to William Bawell, and the description of that deed was read into the record. The description of the latter deed was substantially the same as that in the deed from Bawell to Mrs. Manning, and was not more definite.

"A deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void." *Luttrell* v. *Whitehead,* 121 *Ga.* 700 (49 S. E. 691). "One essential of a deed is that the description of the premises sought to be thereby conveyed must be sufficiently full and definite to afford means of identification. While it is not necessary that the instrument should embody a minute or perfectly accurate description of the land, yet it must furnish the key to the identification of the land intended to be conveyed by the grantor. If the premises are so referred to as to indicate his intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable." *Crawford* v. *Verner,* 122 *Ga.* 815 (50 S. E. 958). "A description of the land is not too indefinite if the court can, with the aid of extrinsic evidence which does not add to, enlarge, or in any way change the description, fit it to the property conveyed by the deed." *Callaway* v. *Beauchamp,* 147 *Ga.* 18 (92 S. E. 538).

In the deeds constituting the chain of title of Mrs. Manning, the quantity of land conveyed is not certain, since it is stated to be 120 acres, more or less, and the indefiniteness of the description is not, therefore, aided by a positive assertion of the quantity of land sought to be conveyed. While the description in the deed shows a definite starting point, none of the distances are certain, since the phrase "more or less" follows the number of feet stated in each instance, and no ascertainable landmark is given to indicate the point to which the line extends. In one instance, the line is stated to extend "south 300 feet more or less, to south side of North 8th Street," but in view of the indefiniteness of the previous call, the intended point on North 8th Street could not be determined, and the same is true of the call, "thence east along south side of North 8th Street to right-of-way of the Atlantic Coastline Railroad Company," since this distance is dependent on the previous calls.

In *Malone* v. *Klaer,* 203 Ga. 291 (46 S. E. 2d, 495), a description in a contract for the sale of land, which recited the county, land lot number, and district, but in which the starting point and the distance in each direction was followed by the phrase, "more or less," was held to be too vague and indefinite to afford a means of identifying any particular tract of land. While in the present case the starting point is certain, none of the other calls or lines are definite, and the description could not identify any particular tract of land. Compare *Gould* v. *Gould,* 194 *Ga.* 132 (21 S. E. 2d, 64) ; *Oglesby* v. *Volunteer State Life Ins. Co.,* 195 *Ga.* 65 (23 S. E. 2d, 404) ; *Mull* v. *Allen,* 202 *Ga.* 176 (42 S. E. 2d, 360).

The defendant in error contends that the pleadings and the testimony in the case established the location of the land claimed by Mrs. Manning under her deed. Assuming that this is true, the deeds themselves by their descriptions could not furnish any key to the location of the boundary lines, and pleadings and testimony which add to and enlarge upon the description in a deed will not make it admissible in evidence where the description is so vague and indefinite that no particular land is identified. While it was held in *Leverett* v. *Bullard,* 121 *Ga.* 534 (49 S. E. 591), that "a deed will not be declared void for uncertainty so long as the intention of the grantor can be ascertained," the key

to the intention of the grantor must be found in the deed itself, and not from extrinsic evidence which does not relate to the description in the deed.

Since the deeds under which Mrs. Manning alleged title were void for want of sufficient description, the court erroneously admitted them in evidence. Mrs. Manning's claim to the property is based on the deeds and an equitable estoppel against Rogers. Whether or not the evidence authorized a finding that Rogers should be estopped from asserting his title as against Mrs. Manning, under her deeds she held no valid title to the property, and the estoppel could convey no title. *Bussey* v. *Bussey,* 157 *Ga.* 648 (3) (121 S. E. 821); *Peacock* v. *Horne,* 159 *Ga.* 708 (5) (126 S. E. 813). The jury was, therefore, unauthorized to find that Mrs. Manning owned any interest in the property. Under his deeds and the evidence introduced by him to establish adverse possession for a period from 1927 to 1940, Rogers made a prima facie case which would authorize a recovery in the ejectment suit, and the court erred in refusing to grant him a new trial. It is unnecessary to determine other questions made by the record, under the view we have taken of the case.

*Judgment reversed. All the Justices concur, except Bell and Wyatt, JJ., absent on account of illness.*