## 30648. DUNCAN v. FRYE.

NICHOLS, Chief Justice.

The appellant Duncan sold a portion of a tract of land to Frye. Thereafter, a dispute arose as to the location of the line dividing such tracts and the present litigation ensued. The trial court, hearing all issues without the intervention of a jury, rendered a decree in accordance with the contentions of Frye. Thereafter, Duncan's motion for new trial was overruled and the present appeal filed. The only issue presented by the appeal is whether or not the evidence authorized the finding of the trial court.

The evidence presented in the trial court discloses that the appellant Duncan was in possession of an old plat received by him from his predecessor in title; that when he decided to sell a part of the property to the appellee Frye he divided the property by drawing a line on the plat and stepping it off on the ground, however, no markers were placed on the property. In the deed given the appellee the property was described by measurements, including one "more or less" measurement and by reference to iron pins marking the boundary of adjoining property. One corner called for a 90 degree angle. After receiving the deed to such tract, the appellee had it surveyed to establish the line between the two tracts. The surveyor, in order to get the measurements called for, changed the angle referred to above as 90 degrees to 79.9 degrees, which change caused what the appellant considers to be an encroachment on his remaining land. There was also evidence of the necessity for a further encroachment in order to give the appellee the road frontage called for by such deed.

The trial court held that the hand-drawn plat showed what Duncan intended to convey. As to the road frontage the trial court decreed that the distance called for should be run in reverse from the adjoining property owner since there was no iron pin or other monument placed at the line dividing the property sold and that retained by the appellant. Under such circumstances, where only one monument is referred to, it is proper to reverse the measurement in order to locate the other corner. Simmons Creek Coal Co. v. Doran, 142 U. S. 417 (12 SC 239, 35 LE 1063) (1892).

The above holdings of the trial court show no error, and the judgment and decree of the trial court being authorized by the evidence must be affirmed.

*Judgment affirmed. All the Justices concur.*

Submitted December 29, 1975 — Decided February 24, 1976.

*S. M. Landress, A. L. Crawley,* for appellant.
*Fredericks, Jones & Wilbur, Jimmy W. Jones,* for appellee.