36876. MINOR v. NEELY et al.

UNDERCOFLER, Justice.

Appellant, executor of the estate of L. L. Minor, Sr., brought this action to quiet title to land lot No. 6 in the 14th District of Taylor County, Georgia, containing 202 1/2 acres, more or less. His claim is based upon a purported deed from a deceased son of L. L. Minor, Sr., written on a letterhead of the Butler Lumber Company which recited, "I hereby give title to L. L. Minor, Sr., for the Charlie Wright lot of land in Taylor County, Georgia. This 11th day of January, 1977. [signed] Lewis Minor, Jr." Lewis Minor, Jr., had purchased land lot No. 6 in 1950 from the heirs of the "Wright Estate." A jury in a special verdict found that the parties did not intend to refer to land lot No. 6 in the purported deed by the use of the phrase "the Charlie Wright lot of land in Taylor County, Georgia." We affirm the judgment in favor of the appellee entered on that verdict.

The issue here is whether a verdict was demanded for appellant. We find it was not. The phrase "lot of land" does not necessarily refer to uniform land lots into which counties are subdivided. It has been used to describe various sized tracts of land. *Glover v. Newsome,* 142 Ga. 862 (83 SE 939) (1914); *Blackwell v. Partridge,* 156 Ga. 119 (118 SE 739) (1923). There was evidence that land lot No. 6 is not known as the "Charlie Wright lot of land." There was evidence that Lewis Minor, Jr., owned another 15-acre tract of land in the 14th District of Taylor County. As stated in *Blackwell v. Partridge,* supra at p. 129, "But where there is more than one lot of land answering the description, belonging to the grantor . . ., the deed . . . would be void for uncertainty." Accordingly the evidence did not demand a verdict for appellant. Error, if any, in excluding a survey of land lot No. 6 was harmless.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1981.

*Meals & McLaughlin, Robert N. Meals, Stan Kreimer, Jr.,* for appellant.

*Garland T. Byrd, Thad Crawley,* for appellees.