39946, 39947. WISENER v. GULLEDGE et al. (two cases).

WELTNER, Justice.

Peggy Wisener, as administratrix of the estate of Grady C. Gulledge, sought cancellation of warranty deeds from Grady to his son, Ivy, and his grandson, David, and of deeds to the same tracts, or portions thereof, from Ivy and David to several other persons. Motions for summary judgment were filed by the plaintiff and defendants in both cases. The trial court sustained the defendants' motions and denied those of the plaintiff. The administratrix appeals.

The administratrix contends the deeds are void because they fail either to describe, or to furnish a key to the metes and bounds of, any particular lands. *Rogers v. Manning,* 203 Ga. 771, 773 (48 SE2d 527) (1948). "A deed wherein the description of the property sought to be conveyed is so vague and indefinite as to afford no means of identifying any particular tract of land is inoperative either as a conveyance of title or as color of title." *Crawford v. Verner,* 122 Ga. 814 (1) (50 SE 958) (1905).

The deed to Ivy Gulledge purports to convey "[A]ll that tract or parcel of land lying and being in Third District Third Section of Paulding County Georgia, Being Land Lot No. 816, Being thirteen and one half acre more or Less, Laying North 841: South Side of 816 Running along side of Public Road Six Hundred Feet more or less;

Running Eastward across one lot of land 1320 feet: Thence running South 600 feet to Land Lot No. 841. Thence back to the point of beginning and Public Road being a portion of the G. C. Gulledge property."

The deed to David Gulledge purports to convey "[A]ll that tract or parcel of land lying and being in Third District and Third Section of Paulding County, Georgia, and being a part of Original Land Lot No. 842, described as follows: BEGINNING at a point on the Northeast corner of original Land Lot 842 where the same intersects with the westward side of a public dirt road which extends past the residence of Ivy Gulledge: Thence Running westward 150 ft. intersecting with the Eastward side a public dirt road which extends past the residence of Hubert Rackley; Thence following said road Southwestward 340 ft. to the property of W. C. Abney: Thence Southward 320 ft. to property of Jackie S. Maple: Thence Eastward along property of Jackie S. Maple. Thence Northward 210 ft. intersecting Eastward 210 ft. with a public dirt road running past the Ivy Gulledge: running along said dirt road northward 315 ft. to the point of beginning. The above described property consist of four (4) acres more or less."

Perfection in legal descriptions of tracts of land is not required. "If the premises are so referred to as to indicate . . . [the grantor's] intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable." *Crawford v. Verner,* supra at 816. "[T]he key to the intention of the grantor must be found in the deed itself. . . ." *Rogers v. Manning,* supra at 774-75.

Regarding the Ivy Gulledge deed, we observe: The expression "Laying North 841: South Side of 816," when read in conjunction with "600 feet to Land Lot No. 841," and "Thence back to the point of beginning and Public Road," and the indication that the tract is a parcel "Being [in] Land Lot No. 816" is sufficient to define a point of beginning and ending of the description at the point of intersection of the South line of Land Lot 816 (being the same as the North line of Land Lot 841) with the side of a public road. The first course from the point of beginning runs "along side of Public Road Six Hundred Feet more or less." The "more or less" phrase reduces the distance to uncertainty. *Rogers v. Manning,* supra at 774. But the course of the road may be determined by parol evidence. *Union Central Life Ins. Co. v. Smith,* 184 Ga. 158 (190 SE 651) (1937). The second call of the

description is definite as to distance ("1320 feet"), but indefinite as to course ("Running Eastward"). *Smith v. Ga. Industrial Realty Co.,* 215 Ga. 431, 432 (3) (111 SE2d 37) (1959). The phrase "across one lot of land," employed in the second call, is indefinite. "The phrase 'lot of land' does not necessarily refer to uniform land lots into which counties are subdivided. It has been used to describe various sized tracts of land." *Minor v. Neely,* 247 Ga. 253 (275 SE2d 333) (1981). Because of this indefinite "Eastward" course, we cannot run the courses and distances in a clockwise direction following the flow of the description. However, we are assured of two facts by the third call of the description. The course of the third call is "South." The distance is "600 feet to Land Lot No. 841." The third call therefore is certain within itself and may be used as a "key" with which to remove the uncertainty of the phrase "more or less," and of the course "Running Eastward" found in the first two calls. *Crawford v. Verner,* supra. Similarly, the fourth call provides certainty as to course ("Thence back to the point of beginning and Public Road") because this course is to be found "Laying" (lying) along the East-West line dividing Land Lot 816, to the North, from Land Lot 841, to the South.

The question becomes one of whether we have sufficient "keys" to unlock the indefinite distance of the first call, the indefinite course of the second call, and the indefinite distance of the fourth call, which begins at an undetermined point on the land lot line. We hold that this may be accomplished in the following manner: The course of the public road (first call) may be fixed by parol. *Union Central Life Ins. Co. v. Smith,* supra. We know that the line between Land Lot 816 and Land Lot 841 of the Third District, Third Section of Paulding County (the fourth call) runs East-West. We have taken judicial notice of this fact from the original plats on file in the office of the Secretary of State, as was done in *Grace v. Rouse,* 202 Ga. 720, 723 (44 SE2d 762) (1947). The vertical line segment constituting the third call extends North-South and lies at a 90 degree interior angle with the horizontal line segment of the East-West fourth call. Using scaled paper, a compass point may be placed at the North apex of the third call line segment with the opposing compass point being extended (in reduced-scale) to a length of 1320 feet, the fixed distance of the second call. With the third call line segment and compass point thus connected, the vertical line segment of the third call then can be moved West along the course of the fourth call until the other point of the compass intersects the side of the road. This analytical process, upon scaled paper, will supply all three unknowns, that is, (1) the distance of the first call, (2) the two points connecting the course of the second call, and the (3) distance of the fourth call. Using "keys" found within the four corners of the instrument, it may therefore be

possible by the introduction of parol evidence to save the description of the Ivy Gulledge deed.

With regard to the David Gulledge deed, we observe: The point of beginning is a point ("the Northeast corner of original Land Lot 842") lying on "the westward side of a public dirt road which extends past the residence of Ivy Gulledge." This point may be established by parol evidence. *Union Central Life Ins. Co. v. Smith,* supra. The first call runs "westward" a distance of 150 feet to a point on the "Eastward" side of a public dirt road which extends past the residence of Hubert Rackley. The point of intersection of that "westward" course with the road lies 340 feet along the road from the property of W. C. Abney. The location of the property of W. C. Abney may be fixed by parol evidence. *Reeves v. Whittle,* 170 Ga. 408 (1) (153 SE 53) (1930). The "westward" and "Eastward" indefinite references of the first call thus may be cured by parol evidence. The second call then runs along the "Eastward" side of the road 340 feet to the property of W. C. Abney. Both the course and the distance ("to the property") of this second call may be fixed by parol. *Reeves v. Whittle,* supra. The courses of the third and fourth calls, "Southward ... to property of Jackie S. Maple" and "Eastward along property of Jackie S. Maple," may be fixed by parol evidence. *Reeves v. Whittle,* supra. Their respective distances are "320 ft." and a distance necessary to carry the course along the property of Jackie S. Maple. The fifth call runs from the property of Jackie S. Maple "Northward 210 ft. intersecting Eastward 210 ft. with a public dirt road running past the Ivy Gulledge." The phrase "past the Ivy Gulledge" is to be read *in pari materia* with the phrase "past the residence of Ivy Gulledge" used in locating the point of beginning. The sixth or final call is definite, as it runs along the dirt road 315 feet to the point of beginning. The sixth call also renders definite the course of the fifth call, which intersects the road 315 feet from the point of beginning. Using these "keys," it may be possible by the introduction of parol evidence to save the description of the David Gulledge deed.

The trial court correctly denied the motion for summary judgment filed in each of these cases by the administratrix. It was error to grant the motions for summary judgment filed by the defendants in both cases because the defendant-movants failed to come forward with parol evidence utilizing the various "keys" in the descriptions to fix with certainty the indefinite courses and distances which we have enumerated. " 'The question of the sufficiency of description of property . . . is one of law, for the court; that of the identity of the property . . . is one of fact. . . .' " *Bank of Cumming v. Chapman,* 245 Ga. 261 (264 SE2d 201) (1980). The burden was on the defendants as movants for summary judgment to demonstrate that

no material issue of fact exists as to the courses and distances which must be fixed by parol evidence. *Edwards v. McTyre,* 246 Ga. 302, 303 (4) (271 SE2d 205) (1980).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 8, 1983.

*Lane & Sanders, Thomas C. Sanders,* for appellant.
*Baggarly, Berry, Bobbit & Bray, Jimmy D. Berry,* for appellees.