### 44329. HANNERS v. WOODRUFF et al.
(354 SE2d 826)

MARSHALL, Chief Justice.

Hanners contracted to purchase from Burson a portion of a tract of land which Burson was to buy from the Vaughans. Thereafter, Burson contracted to sell to Woodruff the entire tract — including the portion he previously had contracted to sell to Hanners. The Vaughans-to-Burson and Burson-to-Woodruff contracts were closed simultaneously, with a conveyance directly from the Vaughans to Woodruff. Hanners filed this action seeking specific performance from Woodruff or damages from Burson and Woodruff. The trial court sustained Burson's and Woodruff's motions for summary judgment, holding that the Burson-to-Hanners contract was unenforceable because its legal description is "grossly defective in that it neither gave a metes and bounds description nor other description to allow anyone with any certainty to determine the exact location of the subject property; an attachment of a plat where someone other than a surveyor drew off the lines without metes and bounds of the subject property is also legally defective." *Held*:

"Perfection in legal descriptions of tracts of land is not required. 'If the premises are so referred to as to indicate . . . (the grantor's)

intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable.' *Crawford v. Verner*, [122 Ga. 814, 816 (50 SE 958) (1905)]. '(T)he key to the intention of the grantor must be found in the deed itself . . . .' *Rogers v. Manning*, [203 Ga. 771, 774-75 (48 SE2d 527) (1948)]." *Wisener v. Gulledge*, 251 Ga. 419, 420 (306 SE2d 642) (1983). The rule of the requisite definiteness of the description of land in a deed applies equally to a contract for the purchase of land. *Blumberg v. Nathan*, 190 Ga. 64, 65 (8 SE2d 374) (1940).

The Burson-to-Hanners contract describes the land as follows: "All that tract of land lying and being in Land Lot 508 of the 1st District, 2nd Section of Fulton County, Georgia, consisting of 15,000 square feet on Hwy. #9. See Special Stipulation #7 on reverse side." Special Stipulation #7 reads as follows: "Property being conveyed shall consist of 15,000 square feet having 90[-]foot frontage on Hwy. #9, (after the proposed widening of the Highway). See attached plats of property, (Exhibits A, B & C), in which the property to be conveyed is outlined in red."

Exhibits A, B, and C collectively show hand-drawn sketches, superimposed over photo copies of a previous plat, of the Vaughans-to-Burson five-acre tract and a quadrilateral representation of the land in question, beginning in the northeast corner of the larger tract at the intersection of the land-lot line and the highway right-of-way, showing 90-foot frontage along the highway right-of-way, a western boundary running parallel to the land-lot line (which is the eastern boundary), and a line at right angles to the eastern and western boundaries comprising the southern boundary.

Where a description of the land refers to a map or plat for a more complete description, the map or plat ordinarily will be considered as incorporated in the description itself. *Kilby v. Sawtell*, 203 Ga. 256, 257 (3b) (46 SE2d 117) (1948) and cits. Here, not only did the description make reference to the sketches, but also the sketches were attached to the contract itself and initialed by the parties. Although a plat must have been prepared by a registered or county surveyor to be entitled to be placed on record and be constructive notice to the world, OCGA § 15-6-67 (b) (2) (D), this does not prohibit a court, when determining the intent of the parties to a contract, from properly considering all information contained in the contract which serves as a key which leads to the identity of the subject land, such as these hand-drawn sketches. See, e.g., *Duncan v. Frye*, 236 Ga. 351 (223 SE2d 712) (1976); cf. *Grant v. Fourth Nat. Bank*, 229 Ga. 855 (1)

(194 SE2d 913) (1972).

The description, including the incorporated sketches, was adequate to designate a particular parcel of land. It has a definite point of beginning, a call for a definite distance along a highway right-of-way line, an eastern boundary defined as the land-lot line, a western boundary defined as parallel to the eastern boundary, a southern boundary which is perpendicular to the eastern and western boundary lines, and a definite area (15,000 square feet). The only factors which are left indefinite are the distances of the eastern and western boundaries. Where a description specifies the exact quantity of the parcel to be conveyed, it is not void for lack of definiteness if the shape can be determined from the intention of the parties and the lines fixed mathematically so as to encompass the exact quantity conveyed. See *Harper v. Hesterlee*, 152 Ga. 251 (109 SE 902) (1921); *Gress Lumber Co. v. Coody*, 94 Ga. 519 (21 SE 217) (1894); Pindar, Ga. Real Estate Law (3d ed.), Par. 13-60, citing *Belk v. Nance*, 232 Ga. 264 (1) (206 SE2d 449) (1974), which holds that the fact that a survey may be necessary does not necessarily make the contract too indefinite to be enforced.[1] Moreover, the agents of the parties to the contract who negotiated and drafted its terms, both stated in affidavits that their intention was to describe a parcel of land with the above-mentioned particulars, including a south boundary which was to be perpendicular to the eastern and western boundaries at a point that would result in the tract's containing 15,000 square feet.

The grant of summary judgment based on the insufficiency of the description is reversed, leaving for resolution the remaining issues of fact as to the enforceability of the Burson-Hanners contract.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 15, 1987 —
RECONSIDERATION DENIED MAY 6, 1987.

*Lipshutz, Frankel, Greenblatt, King & Cohen, William R. King,* for appellant.

*Frankel, Hardwick, Tanenbaum, Fink & Clark, William F. Clark, Craig K. Pendergrast, Bondurant, Mixson & Elmore, H. Lamar Mixson, Glass, McCollough, Sherrill & Harrold, Robert S. Jones,* for appellees.

---

[1] Special Stipulation No. 11 in the present contract provides: "Purchaser at his expense shall provide to seller an accurate survey which shall indicate the exact location and dimensions of property. Said survey shall be subject to approval by seller."