### A93A1987. HATCHER v. HATCHER.
(440 SE2d 755)

SMITH, Judge.

In this dispute over the exact boundaries of a tract of land subject to a lease agreement between Ernest Hatcher and his nephew J. R. Hatcher, Ernest filed a petition for declaratory judgment and injunctive relief against J. R. Following a bench trial, the trial court entered an order "finding that the lease agreement entered into between the parties on August 5, 1988, comprises the 1.61 acres of land as shown on the plat of survey made by Marvin D. Clements in November of 1992." Ernest filed this appeal in the Supreme Court, which transferred it to this court without opinion.

1. Boundary disputes are within the jurisdiction of the Court of Appeals. *Beauchamp v. Knight,* 261 Ga. 608 (409 SE2d 208) (1991). "Rarely does a boundary-line dispute exist in which equitable relief is not sought, but such relief is incidental to and secondary to the principal issue — the location of the line[s]." Id. at 610.

2. The evidence at trial showed that Ernest owns land in Laurens County. Prior to August 5, 1988, he pointed out a portion of this land to his nephew and told him he could lease it for life. He helped place J. R.'s camper trailer in the approximate center of this tract and dug a drainage line. Thereafter, on August 5, 1988, Ernest asked his attorney, Dale Thompson, to draw up a document leasing the tract to J. R. for life and giving him certain fishing rights in a pond on Ernest's land. Thompson testified he advised Ernest that a plat was needed. When Ernest refused to have a survey made, Thompson instead drafted the lease from a simple line drawing of the subject tract.

The document recites that Ernest agreed to lease to J. R. "a tract of land fronting 60 yards on Hillbridge Road and extending back in equal width a depth of 130 yards in Land Lot 50 in the 18th Land

District of Laurens County" for life.

J. R. testified he lived on the tract without problems for more than two years after the lease was executed. A well was dug directly behind the camper. In November 1990, he sold the camper and placed a mobile home on the tract. Approximately five months later, Ernest dug a drainage ditch from a field to the pond across the driveway on the leased tract, preventing J. R. from accessing his property by vehicle. When J. R. refused to move the mobile home, Ernest brought this action, alleging the mobile home was encroaching on his land and was not on the leased tract.

Relying on *Laurens County Bd. of Ed. v. Stanley*, 187 Ga. 389 (200 SE 294) (1938), Ernest argues that the trial court erred in concluding that the lease disclosed with certainty his intention with respect to the quantity and location of the subject tract because the description in the lease was legally insufficient. We do not agree.

"Perfection in legal descriptions of tracts of land is not required. 'If the premises are so referred to as to indicate . . . (the grantor's) intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable.' [Cit.] '(T)he key to the intention of the grantor must be found in the [document] itself. . . .' [Cit.]" *Wisener v. Gulledge*, 251 Ga. 419, 420 (306 SE2d 642) (1983).

Two plats of survey commissioned by Ernest in contemplation of this litigation were introduced into evidence, as well as another plat commissioned by J. R. The two plats commissioned by Ernest show the leased tract extending back from Hillbridge Road at acute angles, with the mobile home and the well being off the leased tract. The plat introduced by J. R., drawn by Marvin D. Clements, shows the leased tract extending back from Hillbridge Road at 90 degree angles; it places the mobile home and the well on the leased tract.

All the plats depict the tract beginning at the same points on Hillbridge Road. Although it is not possible to tell where on Hillbridge Road the tract is located using only the description in the lease, all the plats show this without dispute. The parties tied the description down to a specified starting point, providing a "key" to the location of the beginning point. Clements testified that if the parties to the lease agree on the starting points, the description is a sufficient one.

Both Clements and Stanley Flanders, who prepared one of the plats for Ernest, testified that when property is described as extending back "in equal width," it is customarily interpreted as mean-

ing at 90 degree angles. We therefore find no error in the trial court's conclusion that the lease comprised the tract as shown on the plat prepared by Clements, which shows it extending back from Hillbridge Road at 90 degree angles.

3. Because we affirm the trial court's decision that the mobile home and well are within the leased tract, the other issues raised in the complaint and counterclaim, which were contingent upon a contrary result, are moot.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 7, 1994.

*Billy R. Kight*, for appellant.
*H. G. Bozeman*, for appellee.