[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11131
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01917-WBH

CLAYTON ELLIOTT,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,
BANK OF AMERICA, N.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 22, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Clayton Elliott purchased real property in Fulton County, Georgia, in April 2006. To finance the purchase, he took out two loans from Wells Fargo and executed two security deeds in Wells's favor. Several years later Wells assigned the first security deed to Bank of America. In April 2014 Bank of America (as creditor) and Wells (as servicer) sent Elliott a notice contemplating a foreclosure sale in June 2014. Elliott filed suit in state court in May against both Wells and Bank of America.

After defendants removed Elliott's suit to federal court, they moved to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6). A magistrate judge recommended granting defendants' motion, and the district court adopted the R&R and dismissed Elliott's complaint for failure to state a claim.

Elliott makes only two arguments on appeal. He says the district court erred by dismissing his attempted-wrongful-foreclosure claim and his claims of violations of the Fair Debt Collection Practices Act. Reviewing the dismissal de novo and accepting Elliott's factual allegations as true, we affirm. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

Attempted Wrongful Foreclosure

In Georgia, "to recover damages for a wrongful attempted foreclosure, the plaintiff must prove a knowing and intentional publication of untrue and

2

derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1134 (11th Cir. 2014) (alteration adopted) (emphasis omitted) (quoting Aetna Fin. Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984)) (internal quotation marks omitted).

Elliott insists that he has proved as much. He says the foreclosure notice contained "untrue and derogatory statements concerning [his] financial condition[]," id., because it falsely stated that he had defaulted under the terms of the security deed. But Elliott never alleged that he was not, in fact, in default.[1] All he alleged is that defendants breached the terms of the security deeds by failing to give him 30 days' notice and an opportunity to cure his default before accelerating. But these rights—notice and an opportunity to cure—presuppose a default. Whether defendants properly accelerated the debt is irrelevant to Elliott's attempted-wrongful-foreclosure claim.[2]

---

[1] Indeed, in his briefing in response to the R&R Elliott specifically disavowed any allegation that he was not in default: "This action is not an action concerning whether Plaintiff defaulted on his mortgage loan . . . ." (Emphasis added.)

[2] Elliott appears to confuse his attempted-wrongful-foreclosure claim with one for (completed) wrongful foreclosure or breach of contract. It is true that a premature or erroneous acceleration of a security deed—Elliott's principal contention on appeal—may give rise to wrongful foreclosure or breach of contract claims. Elliott cited cases so holding. See BAC Home Loans Servicing, L.P. v. Wedereit, 759 S.E.2d 867, 872 (Ga. Ct. App. 2014) ("[P]remature acceleration of a loan can give rise to a claim for wrongful foreclosure." (emphasis added)), rev'd on other grounds, 773 S.E.2d 711 (Ga. 2015); id. at 872–73 (affirming summary judgment for plaintiff on breach of contract claim based on premature acceleration and failure to give proper notice of default). But Elliott did not bring a wrongful foreclosure claim. Nor could

3

In the district court Elliott argued something different.  He pointed to a technical error in the deeds' legal description of his property and argued that this error rendered defendants' security interest void.  The deeds correctly described the street address, lot number, land lot, subdivision name, county, and district, as well as the subdivision's plat map.  But their descriptions said the plat map was recorded in plat book 268, pages 140–145, when in fact the map was in book 273, pages 90–94.  (This incorrect citation to the plat book was the only error in the deeds.)  Elliott argued this technical error meant that defendants in fact had no valid security interest in his property, and therefore had no right to foreclose— making any statements to the contrary "untrue" statements, Bates, 768 F.3d at 1134, that could support his attempted-wrongful-foreclosure claim.  Similarly, if the deeds were void, Elliott said he could not have been in default, so the defendants' statement to the contrary in the foreclosure notice was also untrue.

he, because there has been no foreclosure sale.  See Culpepper, 320 S.E.2d at 232 (explaining that without a sale of the property there can be no damages that give rise to a wrongful foreclosure claim).  Neither did he bring a breach of contract claim.

Elliott does cite a case that he says supports his attempted-wrongful-foreclosure claim, but it is readily distinguishable. In Hauf v. HomeQ Servicing Corp., 2007 WL 486699 (M.D. Ga. Feb. 9, 2007) (unpublished), it was undisputed that the mortgagors were not in default.  See id. at *6.  So when the mortgagee published a notice stating that they were in default, it made an "untrue" statement, Bates, 768 F.3d at 1134, that could give rise to an attempted-wrongful-foreclosure claim.  See Hauf, 2007 WL 486699, at *6 ("The Haufs have shown that Defendants published untrue and derogatory information about their financial condition.  It is undisputed that the Haufs were not in default on the Loan in 2005. It is further undisputed that Defendants published a 'Notice of Sale Under Power' that stated that the Haufs' Loan is 'hereby declared due because of default under the terms of said [Loan], including but not limited to the nonpayment of the indebtedness as and when due.'").  But Elliott does not allege that he was not in default; he insists only that the acceleration was premature.

4

We cannot agree.  The legal description, while not 100% accurate, was plenty sufficient to convey the property and a security interest.  As the magistrate judge explained, "[p]erfection in legal descriptions of tracts of land is not required" so long as the deed "discloses with sufficient certainty" the grantor's intention to convey certain property.  Wisener v. Gulledge, 306 S.E.2d 642, 643 (Ga. 1983) (quotation omitted).  A faulty description voids a deed only if it is "so vague and indefinite as to afford no means of identifying any particular tract of land."  Id. (quotation omitted).  The deeds here do not come close to meeting that standard.

In keeping with this principle, Georgia courts have rejected similar challenges to deeds containing minor technical errors where, as here, the description otherwise adequately describes the subject property.  See, e.g., Ceasar v. Wells Fargo Bank, N.A., 744 S.E.2d 369, 373 (Ga. Ct. App. 2013) (erroneous lot number but correct address, land lot, district, and plat).  This alternate theory of attempted wrongful foreclosure, which in any event Elliott advances only tangentially on appeal, is unavailing.

<u>Fair Debt Collection Practices Act</u>

Elliott's FDCPA claims must fail because they too rest on this unavailing premise.  He insists defendants violated the FDCPA when they falsely represented that they had the right to foreclose on his property.  See 15 U.S.C. § 1692e (prohibiting the use of "false . . . representation[s]" to collect a debt).  He maintains

5

that their representations were false because the technical error in the legal description of his property voided their interest.  But as we've explained, under Georgia law this minor imperfection in the legal description did not invalidate the security deeds.  See Wisener, 306 S.E.2d at 643.

**AFFIRMED.**