# HERRIN v. BENNETT.

No. 15309.  November 16, 1945.

54

56

*Herbert W. Wilson* and *Harry M. Wilson,* for plaintiff.

*A. B. Spence* and *Blalock & Blalock,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) ■ The first special ground of the motion for new trial complains of the charge: "No survey shall be received in evidence unless it appears that at least ten days' notice of the time of commencing such survey was given to the opposite party by the one who offers it in evidence. Either party to an action may have a survey made without an order of the court upon giving the notice required. That refers to the plats in this case. These plats are admitted in evidence for such consideration as you may see fit to give them, and do not carry the presumption of the official survey as mentioned in the Code."

Exception is taken to this instruction because: (a) "It was inapplicable to the evidence in the case, and was misleading and calculated to confuse the jury and did confuse the jury in determining the issue in said case, in that in the first part of said charge complained of is a correct abstract principle of law, but nowhere in the evidence is there mention of the ten days' notice being given, and the court, in stating 'that refers to the plats in this case,' charged the law that was not applicable to the evidence in the case." (b) "In giving the latter part of the charge which was applicable to the evidence in the case, the jury, as laymen, [were] unable to apply the law to the facts which were applicable,

and if they applied the law to the first portion of the charge complained of, they considered the plat of the defendant as evidence of greater import to the defendant's case than the facts of the defendant's plat authorized or justified, and gave greater weight to the defendant's facts than the law authorized, and placed a lesser burden on the defendant to make out his case than should have been."

The first criticism is without merit, since the portion of the charge in reference to 10-days' notice, as provided in the Code, § 24-3355 (now Ann. Supp. § 24-3384), was later qualified by the trial judge by stating that the plats in this case do not carry the presumption of the official survey as mentioned in the Code. The second criticism is not meritorious, since the instruction complained of applied with equal force to both parties, each of whom offered plats without offering any evidence as to ten-days' notice. Though not official, the plats were admissible in evidence under the testimony of the respective surveyors as to their correctness. *Wooten* v. *Solomon,* 139 *Ga.* 433 (2) (77 S. E. 375); *Roberts* v. *Atlanta Cemetery Association,* 146 *Ga.* 490 (3) (91 S. E. 675).

■ The second special ground complains of the charge: "If you find that the location of the line was uncertain, and the parties to this controversy, or their predecessors in title, while holding it, had acquiesced by acts or declarations for seven years or more in a dividing line between their lands, this would establish it."

The criticism is because: (a) "The defendant failed to show title by deed to the lands in controversy, and the defendant without showing color of title, although if he acquiesced for seven years, would not give the defendant title to the land in controversy." (b) "The plaintiff in said case contended that he had title to said property and was in adverse possession of same, and therefore title by prescription would not ripen in the defendant." (c) "The court in so charging led the jury to believe that the defendant, if he and the plaintiff, or their predecessors in title, acquiesced in a dividing line for seven years, that that was sufficient without the defendant having to prove that he had title to said property up to the line which he claimed, and this took away from the defendant the burden of proof that it was necessary that he supply, in order for the jury to be justified in returning a verdict in the defendant's

favor, even if they did believe there had been an acquiescence between them for seven years."

In view of the admissions with reference to title of the parties, as shown in the preceding statement of facts, there is no merit in this contention, since both parties had legal title to adjoining tracts of land.

■ The third special ground complains because the court charged: "A land line can also be established, gentlemen, by agreement of adjacent owners. They agree where the line is, then that makes the line."

The criticism is because "the court expressed his opinion that there had been an agreement between the parties to this controversy, which was an issue for the jury to determine, and the court in so charging invaded the province of the jury."

There is no objection to the above charge as being an incorrect abstract statement of the law, but it is excepted to only as an expression of opinion. In using the words, "they agree," the court was clearly attempting to explain to the jury how such an agreement as to the location of a dividing line might be executed, and was not expressing any opinion of fact that in this case the parties had "agreed" to a line.

■ The evidence though conflicting as to the location of the dividing line between the properties of the parties, was sufficient to support the verdict in favor of the defendant, and the judge did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. All the Justices concur.*