## 19166.   MARTIN *v.* SUNSET HILL MEMORIAL GARDENS, INC.

ARGUED NOVEMBER 14, 1955—DECIDED JANUARY 10, 1956.

*Alton T. Milam, Clower & Anderson,* for plaintiff in error.
*Maddox & Maddox,* contra.

WYATT, Presiding Justice.   The recovery sought in this case is based upon a contract between the parties, giving to Martin the exclusive right to sell cemetery lots and bronze markers for the graves in a proposed cemetery for a stipulated commission on the sale of all lots and bronze markers sold during the life of the contract.   The plaintiff contends that Sunset Hill Memorial Gardens, Inc., breached the contract before it had expired, and for that reason was liable in damages for the breach.   The petition sought to recover an alleged balance due on commissions for lots sold, commissions on lots that could have been sold in the future during the life of the contract, and for commissions on bronze markers that could and would be sold.

The foundation of the suit as to these three items of damage sued for is the contract.   The suit seeks to recover upon the basis of the contract and no other.   It, of course, follows that, unless there was a valid, subsisting contract between the parties, there could be no recovery and the general demurrer was properly sustained.   We therefore examine that question first.   The contract

which is the basis of the suit describes the property in which Martin had the exclusive right to sell cemetery lots and bronze markers as follows: "All that tract or parcel of land situated, lying and being in the 23rd District and 3rd Section of Floyd County, Georgia, and being more particularly described as follows: Beginning at an iron pin located on the easterly side of Church Street in the City of Rome, Floyd County, Georgia, and thence running southerly along the easterly line of Church Street and continuation thereof, a distance of 1495 feet, more or less, to an iron pin; thence due east a distance of 230 feet, more or less to an iron pin; thence due north a distance of 1100 feet more or less to an iron pin; thence northwesterly a distance of 312 feet, more or less, to the point of beginning."

The rule is well settled that a contract concerning real estate which contains a description of the property that is so indefinite that the property can not be located can not become the basis of a suit for damages on account of an alleged breach of the contract. See *Prior* v. *Hilton &c. Lumber Co.*, 141 *Ga.* 117 (80 S. E. 559). In *Gould* v. *Gould*, 194 *Ga.* 132 (21 S. E. 2d 64), this court said, "A deed purporting to convey certain property described only as 'all of that certain portion of land on Saint Simons Island, Glynn Co., Ga., bounded as follows, viz.: starting at an oak tree at a point above Ebow Landing on Dunbars Creek, hence along said creek in a northwesterly direction six hundred and fifty (650) feet to a marsh, hence in an easterly direction six hundred (600) feet to a cedar post, then south six hundred (600) feet to a cedar post, then westerly to the point of starting, containing three hundred and sixty thousand (360,000) feet, more or less,' and not otherwise identifying the same by naming adjoining landowners or as any particular known parcel or tract, is insufficient to show title; and the decree registering title to property based upon such a conveyance is erroneous." This is a full-bench decision and controls the question now under consideration adversely to the contentions of the plaintiff in error. See also *Carr* v. *L. & N. R. Co.*, 141 *Ga.* 219 (80 S. E. 716), and *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958).

Several other questions are raised by the plaintiff in error, but since the above ruling is decisive, it becomes unnecessary to rule

on the other questions. It follows from what has been said above, it was not error to sustain the general demurrer.

*Judgment affirmed. All the Justices concur.*