## 19637. WOODARD v. BOWEN.

SUBMITTED MARCH 11, 1957—DECIDED APRIL 8, 1957—
REHEARING DENIED APRIL 24, 1957.

*Robert R. Forrester, Steve F. Mitchell, Eberhardt, Franklin, Barham & Coleman,* for plaintiff in error.

*Seymour S. Owens, J. C. McDonald,* contra.

HEAD, Justice. In ground 4 of the amended motion, error is assigned on the following charge of the court: "Gentlemen, the true question in this case is whether the plaintiff, Mr. Woodard, owned the land in question as described in his petition. If you find that the southern boundary of the land of Mr. Calhoun Bowen is the original branch in the location as contended by the plaintiff, Mr. Woodard, then you should find for the plaintiff. If you find that this is not the true line, but that Mr. Calhoun

Bowen's land extends to the ditch on the north side of 18th Street, and that this is the southern boundary of his land, then you would find for the defendant."

It is contended that the above charge was erroneous, in that it restricted and limited the issues between the parties as to whether or not the run of the branch was the property line of the plaintiff, or whether the line was the run of the drainage ditch; it changed the issues made by the parties; the charge was misleading and confusing for stated reasons; it was not applicable to any of the evidence; the jury was led to believe that they could not find a verdict for the plaintiff for any part of the land sued for unless they found a verdict for all of the land described in his petition.

The petition described the land which the plaintiff sought to recover as beginning at the intersection of Hall Avenue and 18th Street, and running thence in a westerly direction along the northern boundary line of 18th Street a distance of 155 feet; thence north two degrees west a distance of 124 feet to a branch; thence along the branch to the western boundary line of Hall Avenue, following certain courses and distances; thence along the western boundary line of Hall Avenue south one degree east 118 feet to the point of beginning.

The sole issue in the case was whether or not the branch referred to as the northern boundary line of the land claimed by the plaintiff was the southern boundary of the defendant's land. The court instructed the jury that, if it was the southern boundary of the defendant's land, they should find for the plaintiff. Under the plaintiff's own testimony, on direct examination, the City of Tifton in the construction of 18th Street used a dragline and opened a ditch approximately ten feet wide on both the north and south sides of 18th Street. The defendant claimed that his title extended south to the north side of 18th Street. This charge, therefore, succinctly and clearly presented the real issue in the case to the jury. The assignments of error on this extract from the charge are without merit.

2. In ground 5, error is assigned on the following extract from the charge: "Our law provides that no survey shall be received in evidence unless it appears that at least ten days' notice

of the time of commencing such survey was given to the opposite party by the one who offers it in evidence. Either party to an action may have a survey made without an order of court upon giving the notice acquired [required?]. That refers to the plats in this case. These plats are admitted in evidence for such consideration as you may see fit to give them, and does not carry the presumption of the official survey as mentioned in the Code."

It is contended that the charge was misleading and confusing because: it was not warranted or supported by any evidence; the charge tended to mislead the jury into believing that the survey was made by the plaintiff, and that such survey, not having been made in accordance with the provisions of the Code, should have no weight with the jury except such weight as the jury might give it; it was not adjusted to the evidence, was not warranted by the evidence, and rendered nugatory the evidentiary value or weight of the survey and plat; and it assumed a fact not shown to exist by the evidence.

The plaintiff in his brief concedes that the above charge was applicable to four of the five plats offered in evidence. It is contended that the charge was not applicable to a copy of the plat referred to in the deed from the heirs of H. H. Tift to T. W. Tift. This contention can not be sustained.

None of the plats offered in evidence was made pursuant to the provisions of Code § 23-1112. In *Durden* v. *Kerby*, 201 *Ga.* 780 (41 S. E. 2d 131), it was held that a plat or survey is not admissible as substantive, presumptive evidence of the facts set forth therein, unless it conforms to the provisions of § 23-1112, but that, upon being verified by oral testimony as correct, it may be admitted for the purpose of illustrating other competent testimony.

Code § 24-3355 provides: "No survey shall be received in evidence, unless it appears that at least 10 days' notice of the time of commencing such survey was given to the opposite party by the one who offers it in evidence. Either party to an action may have a survey made, without an order of court, upon giving the required notice."

It appears that the rule given in charge by the court clearly follows the statute. Almost the exact language of the charge

assigned as error was approved by this court in a full-bench decision in *Herrin* v. *Bennett*, 200 *Ga.* 53 (36 S. E. 2d 145). The charge excepted to clearly stated the rule applicable to each of the plats offered in evidence.

3. The plaintiff contends that the verdict for the defendant was without evidence to support it. This contention can not be sustained by the record. If this contention were true, however, it would not relieve the plaintiff of the burden placed on him by law, in a complaint for land, to show title in himself. Code § 33-101. In the present case there was no evidence to show that the parties claimed title under a common grantor, and there was no evidence that the plaintiff, or his predecessors in title, had ever been in actual, adverse possession of the land described in the petition.

Whether or not the evidence would have sustained a verdict for the plaintiff, a verdict for him was not demanded by the evidence. The trial court properly denied the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*