### 20490. HUGHES *et al. v.* HEARD.

CANDLER, Justice. On February 1, 1955, Mrs. Della Lindsey Hughes and four others filed a suit in the Superior Court of Fulton County against Mrs. Mamie Heard. Each thereby sought to recover from the defendant an undivided 1/9th interest in certain realty and a money judgment for a stated amount. The petition as amended contains three counts, and, so far as need be pointed out, it alleges: The plaintiffs

and the defendant are six of the nine children of Mrs. Tiskie Lindsey, who died intestate on October 25, 1936. There was no administration on her estate and her debts were subsequently paid in full by Mrs. Mamie Heard, the defendant. At the time of her death, she owned and had possession of a described tract of land in Fulton County, Georgia, containing 10 acres, more or less, and title to all of it passed to her heirs at law. On May 5, 1938, the defendant filed for record and caused to be recorded in the deed records of Fulton County a paper purporting to be a warranty deed from the intestate to her. It bears date of April 17, 1934, is witnessed by two persons, one of whom is a notary public of Fulton County, recites a consideration of "love and affection, five dollars, and care of Tiskie Lindsey," and contains the following descriptive averments: "All that tract or parcel of land lying and being in the Seventeenth (17th) District of originally Henry, now Fulton County known by number one hundred and seventy-five (175) commencing at a rock corner on the Cagle Road branch running northwest to the original east and west land line, thence west along said line to the original northwest corner, thence along the north and south line to a poplar tree on the east side of the Cagle spring branch, thence south to a rock corner on the Cagle Road thence along said road east two hundred and twenty-three yards to a rock corner the starting point, it containing ten (10) acres more or less."

Count 1 of the petition alleges that the deceased, Tiskie Lindsey, did not execute the purported deed—that it is a forgery. Count 2 alleges that the aforementioned deed was never delivered to the defendant by Tiskie Lindsey or by anyone authorized to do so for her. And count 3 alleges that the descriptive averments of the purported deed are insufficient to describe any particular realty or to furnish a key by which its identity may be ascertained, and for that reason it is inoperative as a conveyance of title to the land claimed by the defendant. It is alleged also that the defendant sold two described portions of the land which Tiskie Lindsey owned at the time of her death, one in 1954 for $2,000 and the other in 1955 for $4,000. The two tracts so conveyed by her contain approximately four acres. There is a prayer that title to an undivided one-ninth of the undisposed-of and aforementioned realty which Tiskie Lindsey owned at the time

of her death be decreed in each of the plaintiffs, and that they recover a judgment against the defendant for five-ninths of the proceeds she received from her two sales of land belonging to the decedent's estate, or the sum of $3,333.35.

By her answer the defendant denied that the deed from her mother was a forgery, but averred that it was properly executed by her mother, and that it was personally and physically delivered to her by the grantor on the day it was signed (April 17, 1934) ; that it conveyed to her all of the land which her mother then had possession of and on which she then resided; and that the plaintiffs are not entitled to recover from her any part of the purchase money received by her from sales she subsequently made of two portions thereof. Further answering, she alleged that she had, in consequence of her actual, adverse, and exclusive possession of the land in question under a claim of right or ownership, for a continuous period of more than 20 years next before this litigation was instituted, acquired a good prescriptive title to it, and her answer sets forth the facts in detail upon which she bases such contention. So far as the record shows, no demurrer was interposed either to the amended petition or to the defendant's answer.

On the trial much evidence was introduced by both sides. When the introduction of evidence was concluded, the plaintiffs moved for a directed verdict in their favor for all of the relief prayed for, and the defendant also moved for a directed verdict in her favor. By direction from the court, the jury found in favor of the defendant and on that verdict a judgment was accordingly entered. The plaintiffs, in due time, and notwithstanding the verdict, filed a motion for a final judgment in their favor for all of the relief sought. They also filed a motion for new trial on the usual general grounds, and amended it by adding special grounds which complain of the direction of the verdict and the admission of certain documentary evidence. Both motions were denied, and the plaintiffs excepted to those judgments. *Held:*

1. There is no merit in the plaintiffs' contention that the deed from Mrs. Tiskie Lindsey to Mrs. Heard, the defendant, which purports to convey the property in controversy, is void for want of execution and delivery by the maker. Respecting this issue, the uncontroverted evidence shows that Mrs. Tiskie Lindsey formally executed the attacked deed on

April 17, 1934, and on the same day personally and physically delivered it to Mrs. Mamie Heard, the grantee named therein, and that the latter has since then had physical possession of it. Hence, this contention as contained in counts 1 and 2 of the amended petition is wholly unsupported by any evidence.

2. Count 3 of the amended petition alleges that the deed exhibited by the defendant and on which she relies for her paper title to the land in controversy is insufficient in its descriptive averments to identify and pass title to the property claimed by her. This contention is meritorious. "A deed purporting to convey land which is so indefinite in description that the land is incapable of being located is inoperative either as a conveyance of title or as color of title." *Luttrell* v. *Whitehead*, 121 *Ga.* 699 (1) (49 S. E. 691). As the deed from Mrs. Lindsey to the defendant shows, the east boundary line of the tract it purports to convey is a line beginning at a rock corner on the Cagle Road branch; thence northwest to the original east and west line; thence west along said line to the northwest corner. The line so described could be a straight line from the beginning point to the north original line of the lot at any location on the lot west of a due north course from such point; and a boundary line so described is too vague and indefinite to afford a means for the identification of any particular tract of land. Since the description in the defendant's deed is therefore insufficient to describe the land she claims, it is void and consequently passed no title to her, as the grantee therein. See *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958); *Malone* v. *Klaer*, 203 *Ga.* 291 (46 S. E. 2d 495).

3. As an affirmative defense, the defendant alleges that the plaintiffs are not entitled to any of the relief sought, since she had a good prescriptive title to the land involved when this litigation was instituted, which had extinguished all other inconsistent titles therefor. This contention is meritorious. Code § 85-401, declares: "Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by the laws." "Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable and be accompanied by a claim of right . . ." § 85-402. And actual

adverse possession of land for 20 years, by itself, gives good title by prescription. § 85-406. "Actual possession of lands is evidence by enclousure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." § 85-403. The evidence in this case shows without dispute that the defendant was in actual adverse possession of the land involved when the plaintiffs filed this suit against her on February 1, 1955, and that she had been in such possession under a claim of right or ownership continuously and exclusively since April 17, 1934, and under circumstances which would, pursuant to the laws of this State, ripen her possession into a good prescriptive title. Respecting the nature or character of her possession during that period, the uncontroverted evidence shows the following facts: Actual possession of it was delivered to her by her mother when the latter executed and delivered to her a warranty deed on April 17, 1934, which purported to convey to her the property in question and she and her tenants have since then continuously occupied and used it to the exclusion of all others. Soon after taking such possession, she improved the property by the construction of two dwelling houses, three garages, and a barn, which buildings she has since kept repaired at a stated amount of expense to her. The amounts expended by her for the permanent improvements since 1934, including annual taxes and fire-insurance premiums, amount to approximately $9,000, and during her occupancy since 1934 she has had the land regularly cultivated in annual crops, paying no rents to anyone, and has kept her livestock, poultry and farming equipment on it. All permanent improvements now on the land·were placed there and paid for entirely by her. She sold a described portion of the land on September 1, 1954, to Mr. and Mrs. Arthur B. Keith for $2,000, and another described part of it on January 19, 1955, to J. E. Dilbeck for $2,350. While we have not undertaken to recount or set out all of the evidence which the defendant introduced in support of her affirmative defense of title by prescription, we have nevertheless carefully examined it, and after doing so we think and hold that the trial judge correctly concluded that it demanded a verdict for the defendant on the theory of her prescriptive title therefor. And in actions for land where either party relies on a prescriptive title for

his right to prevail, and the evidence demands a finding that such a title has ripened in him and thereby extinguished an inconsistent title to the land, the court is authorized to direct a verdict in his favor. Code § 110-104; *Hearn* v. *Leverette,* 213 *Ga.* 286 (99 S. E. 2d 147), and the cases therein cited.

4. Over an objection by the plaintiffs that it was irrelevant, immaterial, and without probative value concerning any issue made by the pleadings, the court permitted the defendant to introduce in evidence a warranty deed from William Cagle to Sylvania Grogan, which was executed during July of 1897 and recorded in Fulton County on March 1, 1910, and which described the property thus conveyed just as it is described in the deed from Tiskie Lindsey to Mamie Heard, the defendant. Since the plaintiffs and the defendants are in this proceeding asserting title to the same lands which Tiskie Lindsey formerly owned, the former were not injured in any way by the introduction of the deed they objected to—even error without injury does not require the reversal of a judgment. Hence, there is no merit in that special ground of the motion for new trial which complains about the allowance of this deed in evidence.

5. The judgments complained of are not erroneous for any reason assigned.

*Judgments affirmed. All the Justices concur.*

ARGUED MAY 12, 1959—DECIDED JUNE 5, 1959.

*William B. Paul, Jr.,* for plaintiffs in error.
*Barrett & Hayes,* contra.