22407. ARNOLD et al., Trustees v. SHACKELFORD.

ARGUED MARCH 9, 1964—DECIDED APRIL 9, 1964—REHEARING DENIED APRIL 21, 1964.

*O. J. Tolnas,* for plaintiffs in error.

HEAD, Presiding Justice. ■ In the deed from Dorsey to Arnold the description of the first tract is as follows: "All that tract of land containing 20 acres, more or less, lying and being in Jackson County, Georgia, known as a portion of the Jessie Johnson lands and bounded on the north by a portion of said Jessie Johnson tract, on the east by lands of O. R. Williamson, on the south by Kings Bridge Road and on the west by property of Mrs. T. P. Vincent." Substantially the same description is contained in the deed from Collier, Sheriff, to Dorsey.

In both deeds there is nothing to show how far north or south the line of separation should be with reference to the lands conveyed. Such a description is too vague and indefinite to operate either as a conveyance or as color of title. *Luttrell v. Whitehead,* 121 Ga. 699 (49 SE 691); *Oglesby v. Volunteer State Life Ins. Co. of Tenn.,* 195 Ga. 65 (23 SE2d 404); *Mull v. Allen,* 202 Ga. 176 (42 SE2d 360); *Hamilton v. Evans,* 208 Ga. 780 (4) (69 SE2d 739); *Livingston v. Livingston,* 210 Ga. 607 (82 SE2d 1); *Cross v. Nicholson,* 211 Ga. 769 (88 SE2d 390); *Bennett v. Rewis,* 212 Ga. 800 (96 SE2d 257); *Hughes v. Heard,* 215 Ga. 156 (109 SE2d 510).

The plat attached to the petition as Exhibit C does not show that it was made by an officer authorized to make a survey, or by whom it was made, or when it was made, or that any of the requisites of the law had been complied with in making such plat. *Code* § 23-1112; *Bower v. Cohen,* 126 Ga. 35 (4) (54 SE 918); *Herrin v. Bennett,* 200 Ga. 53 (36 SE2d 145); *Woodward v. Bowen,* 213 Ga. 185 (97 SE2d 573). The plat attached to the petition, in so far as the external boundaries, courses, and distances are concerned, appears to be a copy of the official plat offered in evidence on behalf of the defendant. The property as described in paragraphs 2, 4, and 5 of the petition excludes a triangular tract shown by the plat (Exhibit C), and the plat does not show that the description set forth in the petition is (or could be) the same property described in the deed from Dorsey to Arnold, attached as Exhibit A to the petition. Having asserted title by deed, the petitioners could not correct the deficiencies of the description in these deeds by resorting in part to

a description taken from an official survey which shows all of the lands as the property of the defendant.

■ At the trial the petitioners relied upon prescription. It is insisted that the court erred in directing a verdict for the defendant, and in denying the motion for new trial based only on the usual general grounds. It is stated on page 5 of the bill of exceptions: "The fair market value of the timber cut and removed by the defendant, from the land in controversy, the time the timber was cut, and the amount so cut being shown by the testimony of witnesses Jewell Williamson and Roy Michael, set forth in the references to their testimony set forth above."

Roy Michael testified in part: "I had a conference with the Arnolds about that land and that timber; I made two or three trips up there to cruise some timber and also to check the lines back 8 or 10 years ago, maybe longer, and tried to buy it but we couldn't get together on the price; . . . I do not have a notation as to what my cruise came to, it has been so long; there was a nice bunch of timber; quality was good; from my observation of how much that timber was, the size of the trees, how many trees, how much land it covered, in my opinion as an expert, . . . I would say there was 60,000 to 70,000 feet on that tract of land."

The witness Michael did not testify that the timber he cruised had ever been cut by anyone, nor is it shown by any evidence that the timber cruised by Michael has ever been cut. The land shown on the plat in Exhibit C was not all included in the description of the property claimed by the petitioners. The testimony of the witness Michael fails to identify the location of the timber he cruised, and it is not otherwise shown that any timber has been cut by the defendant other than upon lands of the defendant as shown by the testimony of the witness Jewell Williamson.

Jewell Williamson testified on cross examination: "Mr. Dorsey, Mr. High Arnold, or anybody who worked for them never had anything to do with that area up there where I cut the timber, to my knowledge; I have been living in there and knowing it since 1912; where we cut the timber was inside, every bit of it, was inside where we had the pasture, inside the pasture my father had been renting from Tom Shackelford on up until 1948,

inside that pasture area; and my father had it fenced in all those years; . . ." This witness further testified with reference to the possession of Mr. Dorsey that the Tonys (alleged tenants of Dorsey) tore an old house down on the land before 1930, and that "the only land that has been worked since Mr. Dorsey took the house down is this field right behind the Negro church; . . ."

James Lay, a witness for the petitioners, testified in part: ". . . back in 1959 when there was logging back in the woods, I heard the pulp wood saw but I never did go back in there; that wasn't this area that was cultivated that Eugene Gardner [alleged tenant of predecessors in title of the petitioners] was talking about; I just don't know that there hasn't been any timber cut down this area Eugene Gardner was working, but the sounds I heard were in the other direction; at that time, back in 1959, when they were logging in there, there wasn't any farming going on in there anywhere; hadn't been any farming going on in there for years, . . ."

The contention made in the bill of exceptions as to the nature and extent of the testimony of the witnesses Jewell Williamson and Roy Michael is not supported by their testimony in the record. The testimony of the witnesses Williamson and Michael, and that of James Lay, supports the verdict for the defendant. The testimony of other witnesses for the petitioners was wholly insufficient to authorize a verdict in their favor since none of the testimony was sufficient to show such possession as could be the foundation of prescription.

Possession to be the foundation of prescription "must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right." *Code* § 85-402. "Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." *Code* § 85-403; *Yundt v. Davison*, 186 Ga. 179 (197 SE 248). "A prescription by mere possession does not extend beyond the actual *possessio pedis* of the prescriber." *Brewton v. Brewton*, 167 Ga. 633 (4) (146 SE 444).

The burden was on the petitioners to establish their title by prescription. This they failed to do, and the trial judge properly

directed a verdict for the defendant. It was consequently not error to deny the motion for new trial based only on the usual general grounds.

*Judgment affirmed. All the Justices concur.*