## 30615. HEDDEN et al. v. HILTON.

HALL, Justice.

The heirs of Knox Hilton brought this declaratory judgment action against the executrix of the estate of C. A. Hilton in order to have themselves declared fee simple owners of a disputed tract of land. The executrix defended in a motion for judgment on the pleadings[1] on the ground that the description in the deed from C. A. to Knox was so vague and indefinite that the deed was unenforceable. We agree, and affirm the trial court in granting the defendant's motion.

The land was conveyed on August 15, 1949, by a deed in which the "grantor C. A. Hilton, reserves for his use and benefit a life estate, in said property, and at my death my interest in said property shall go to the said Knox Hilton, making Fee Simple title complete." Knox predeceased C. A. and never gained possession of the land himself. However, his heirs brought this suit to claim the property after C. A.'s death.

The law on the sufficiency of the description in a deed was most aptly stated in *Crawford v. Verner,* 122 Ga. 814, 815 (50 SE 958) (1905): "One essential of a deed is that the

---

[1]The deed was attached to plaintiff's complaint as an exhibit.

description of the premises sought to be thereby conveyed must be sufficiently full and definite to afford means of identification. While it is not necessary that the instrument should embody a minute or perfectly accurate description of the land, yet it *must furnish the key to the identification of the land intended to be conveyed* by the grantor. If the premises are so referred to as to indicate his intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable. *Andrews v. Murphy,* 12 Ga. 431." (Emphasis supplied.) Accord, *Grand Lodge &c. Odd Fellows v. City of Thomasville,* 226 Ga. 4 (172 SE2d 612) (1970); *Rogers v. Manning,* 203 Ga. 771 (48 SE 527) (1948); *Holbrook v. Hodgson Cotton Co.,* 122 Ga. 814 (50 SE 916) (1905); *Luttrell v. Whitehead,* 121 Ga. 699 (49 SE 691) (1905).

The description in the deed from C.A. to Knox Hilton is as follows: "All that tract or parcel of land lying and being in the 17th District and First Section Towns county, Georgia and being part of lot of land number 52 and containing 8 acres more or less and bounded as follows: Beginning at a stake on the Highway right of way line and runs south a fiew feet to a black oak tree, the same being a center line tree, thence continuing in the same direction a fiew feet to a white oak tree a center tree, thence continuing a straight line to the Frog pond road, Thence with said road to a stake corner on the bank of the road. Thence a west direction with the old road to a black oak, then a south west direction to a large old burch tree on the upper bank of the Frog pond road, a poplar center tree below the road, and thence continuing up the little rodge between the two springs to the T.A. McConnell line, then east with the T.A. McConnell line to a rock corner of the J.C. Lee land, then with the J. C. Lee land north to the Fuller corner, then with the Fuller line nwest ablut 100 feet more or less to a stake corner, then north with the Fuller Restrurant, then with the Hiaway Right of way

line to the beginning corner." (Errors in original.) It is readily apparent, in applying the *Crawford* test set out above, that this description is inadequate. It does not clearly identify the beginning point (*Martin v. Sunset Hill Mem. Gardens,* 212 Ga. 159 (91 SE2d 44) (1956); *Dodd v. Madaris,* 206 Ga. 497 (57 SE2d 597) (1950), no particular tract or parcel of land is indicated (*Gould v. Gould,* 194 Ga. 132 (21 SE2d 64) (1942)), and no exact distances, metes and bounds, or shape of the land are shown (*Holbrook v. Hodgson Cotton Co.,* 122 Ga. 814 (50 SE 916) (1905). *Gould v. Gould,* supra, includes a detailed analysis of a similar description and points out the reasons for its failure for indefiniteness. Therefore, based on this authority, we must conclude that the deed from C. A. to Knox Hilton is void for vagueness and unenforceable.

The cases cited by the defendant are distinguishable as they involve deeds which were sufficiently definite to provide a "key" to which extrinsic evidence could then be added to complete the description. See e.g., *Georgia Loan &c. Co. v. Dyer,* 233 Ga. 957 (213 SE2d 864) (1975); *Arrendale v. Dockins,* 166 Ga. 62 (143 SE 570) (1927). These cases are therefore inapposite.

The trial court correctly granted defendant's motion for judgment on the pleadings and we affirm.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 13, 1976 — DECIDED APRIL 7, 1976.

*Scott Walters, Jr.,* for appellants.

*Robert E. Hicks, George H. Myshrall, Jr.,* for appellee.