### S96A0847. MURDOCK et al. v. WARD et al.
(477 SE2d 835)

HINES, Justice.

The plaintiffs, the Wards and the News, sought an interlocutory injunction restraining and enjoining the defendants, Murdock and Davis, from interfering with their use and enjoyment of an alleged 50-foot right-of-way adjacent to lots they owned. The superior court granted summary judgment to the plaintiffs, ruling that a 50-foot right-of-way and a prescriptive easement for ingress and egress existed. It concluded that as between the defendants and the plaintiffs a 50-foot right-of-way existed as established in the plat of Robert G. Vansant & Associates, Inc., dated June 4, 1980. Defendants appeal, and we affirm.

1. Murdock and Davis contend the superior court erred in finding that a 50-foot right-of-way was established over their property by a recorded and unrecorded plat collectively. The contention is without merit.

It is undisputed that all of the parties' chain of title contains common owners, Mr. and Mrs. Sebren, and that the Sebrens sold lots which referred to a recorded subdivision plat and an unrecorded plat designated Fairview Estates Subdivision by Harrison Engineering. The recorded plat showed numbered lots and a street, titled Fairview Circle. However, it failed to provide any keys for distinguishing the property. The unrecorded plat, which was intended as a tentative subdivision plat, identified Fairview Circle as a 50-foot right-of-way and it provided a north arrow, the dimensions of lots and streets, and a scale for determining distances. During the past 30 years, numerous surveys of individual lots were conducted showing the location of Fairview Circle and identifying it as a 50-foot right-of-way.

Defendants assert that the description of the right-of-way in the recorded and unrecorded plat was incorrect and so vague as to be ineffective in conveying an easement. However, the law does not require perfection in the legal description of an easement. *Chicago Title Ins. Co. v. Investguard, Ltd.,* 215 Ga. App. 121, 124 (5) (449 SE2d 681) (1994).

If the premises are so referred to as to indicate [the grantor's] intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable.

*Crawford v. Verner*, 122 Ga. 814, 816 (1) (50 SE 958) (1905). Accord *Hanners v. Woodruff*, 257 Ga. 73 (354 SE2d 826) (1987); *Wisener v. Gulledge*, 251 Ga. 419, 420 (306 SE2d 642) (1983). The question of whether or not a description is sufficient to convey property, is one of law for the courts to decide. See *Bank of Cumming v. Chapman*, 245 Ga. 261 (264 SE2d 201) (1980). Here, the description of the easement in the recorded and unrecorded plat discloses with sufficient certainty the intention of the Sebrens with regard to the quantity and location of the right-of-way. Further, if any portion of the 50-foot right-of-way was in doubt, the location could be fixed by parol evidence. *Union Central Life Ins. Co. v. Smith*, 184 Ga. 158 (190 SE 651) (1937).

Under these circumstances, the superior court was correct in concluding as a matter of law that a private easement right was created in favor of the plaintiffs in the 50-foot right-of-way set apart for their use. See *Northpark Assoc. v. Homart Dev. Co.*, 262 Ga. 138, 139 (414 SE2d 214) (1992). See also *Dept. of Transp. v. Ladson Investments*, 158 Ga. App. 687, 689 (1) (282 SE2d 171) (1981), holding that an express dedication of a 70-foot right-of-way occurred when the property was transferred with reference to an unrecorded plat showing the grant of the right-of-way. Therefore, we affirm the grant of summary judgment to the plaintiffs.

2. Because the plaintiffs acquired a private easement right in the 50-foot right-of-way by dedication, it is unnecessary for us to address whether the plaintiffs procured a prescriptive easement for ingress and egress.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 12, 1996.

*Glen E. Stinson*, for appellants.
*Stevens & Associates, Ronald S. Stevens, Hoitink & Associates, William C. Hoitink*, for appellees.