S99A0355. WARD et al. v. MURDOCK et al.
(518 SE2d 685)

THOMPSON, Justice.

The parties are property owners in a subdivision known as Farview Estates. Plaintiffs/appellants brought a petition to enjoin defendants/appellees from obstructing a gravel roadway which permitted plaintiffs access to their lots. Plaintiffs also sought damages for repair of the roadway, as well as attorney fees. In a previous appearance before this Court we affirmed the grant of summary judgment to plaintiffs with respect to their request for injunctive relief, holding that a private easement for ingress and egress in a 50-foot right-of-way was created in their favor by dedication. *Murdock v. Ward,* 267 Ga. 303 (477 SE2d 835) (1996).

Upon return to the trial court, plaintiffs sought a determination that they are entitled to use other proposed but undeveloped roads and an area purportedly designated as a playground. They alleged that these tracts are shown on an unrecorded plat of Farview Estates subdivision. In response, the court entered a "clarification order" ruling that plaintiffs are entitled only to use the right-of-way required to access their property as shown on a plat dated June 4, 1980; they are not entitled to use any other proposed roads, or an area purportedly designated as a playground. This Court denied interlocutory review. *Ward v. Murdock* (Case No. S97I1608, denied July 16, 1997).

The remaining issues were tried to a jury. At the conclusion of plaintiffs' evidence, the trial court directed a verdict in favor of defendants as to all remaining claims; and judgment was entered accordingly. Plaintiffs appeal.

1. Contrary to plaintiffs' assertions, the ruling in *Murdock v. Ward,* supra, was limited to the grant of a private easement right in a 50-foot right-of-way by dedication to plaintiffs for purposes of accessing their property. It did not convey easement rights in other unopened and untraversed roadways or to an area designated as a playground. The trial court's clarification order is consistent with that ruling.

2. In *Northpark Assoc. No. 2 v. Homart Development Co.,* 262 Ga. 138, 139 (414 SE2d 214) (1992), we held that "[a] developer's sale of lots in a subdivision according to a recorded plat creates private easement rights in favor of purchasers in any area set apart for their use." Plaintiffs rely on a drawing taken from a proposed engineering plan prepared in 1967 to establish easement rights to two roads and

a playground which were never developed or traversed in the subdivision. "The question of whether or not a description is sufficient to convey property, is one of law for the courts to decide." *Murdock v. Ward*, supra at 304. In directing a verdict in defendants' favor, the trial court correctly determined that this drawing did not rise to the level of a plat and thus created no easement rights in favor of plaintiffs. While certain roads were shown, the drawing contains no landmarks, distances, or points of reference from which a legal description could be produced.[1] Even if the drawing could be considered a plat, the exact location of any proposed roads is ambiguous and the burden was on the plaintiffs to establish the boundaries and extent of dedication. *Cobb County v. Crew*, 267 Ga. 525, 526 (1) (481 SE2d 806) (1997). This they failed to do. It follows that the trial court did not err in directing a verdict in defendants' favor as to whether plaintiffs had acquired easement rights by dedication, other than as previously determined by this court in *Murdock v. Ward*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 14, 1999.

*Stevens & Associates, Ronald S. Stevens, James B. McClung,* for appellants.

*Glen E. Stinson,* for appellees.

---

[1] A "plat" is defined by Black's Law Dictionary (Rev. 6th ed., 1991), p. 1151, as: "A map of a specific land area such as a town, section, or subdivision showing the location and boundaries of individual parcels of land subdivided into lots, with streets, alleys, easements, etc., usually drawn to a scale."