## S03A0961. PIRKLE et al. v. TURNER.

(588 SE2d 733)

SEARS, Presiding Justice.

This case involves a property dispute between appellants Richard Pirkle, Matthew Pirkle, Amanda Pirkle, and Madeline Cox and appellee Jimmy Turner. The trial court, among other things, denied the appellants' motion to dismiss Turner's counterclaims; granted Turner an interlocutory injunction preventing Cox from taking certain actions with regard to a well, dam, and lake that are located on the disputed property; ruled that two deeds in the appellants' chain of title contained insufficient descriptions and were therefore void; and ruled that an issue of fact existed on the parties' claims that they had acquired title to the disputed property by adverse possession. On appeal, the appellants raise numerous issues, but for the reasons that follow, we affirm the trial court's judgment.

1. The appellants contend that the trial court erred in ruling that two deeds in their chain of title contained insufficient descriptions. We disagree.

First, contrary to the appellants' contention, the sufficiency of the description of a deed is a question of law for the court.[1] Moreover, because both deeds are indefinite as to certain courses, and contain no key by which to remove the indefiniteness, we conclude that the deeds contain insufficient descriptions of the property conveyed and are void.[2]

---

[1] *Ward v. Murdock,* 271 Ga. 216, 217 (518 SE2d 685) (1999); *Wisener v. Gulledge,* 251 Ga. 419, 422 (306 SE2d 642) (1983).

[2] *Wisener,* 251 Ga. at 421-422; *Arnold v. Shackelford,* 219 Ga. 839, 841 (136 SE2d 384) (1964); *Smith v. Ga. Industrial Realty Co.,* 215 Ga. 431, 432-433 (111 SE2d 37) (1959); *Hughes v. Heard,* 215 Ga. 156, 159 (109 SE2d 510) (1959). " 'A deed wherein the description of the property sought to be conveyed is so vague and indefinite as to afford no means of identifying any particular tract of land is inoperative either as a conveyance of title or as color of title.' *Crawford v. Verner,* 122 Ga. 814 (1) (50 SE 958) (1905)." *Wisener,* 251 Ga. at 419.

2. The appellants contend that the trial court ruled as a matter of law that the Pirkles had acquired title to the disputed property by adverse possession, and that it therefore erred by granting injunctive relief to Turner. The record, however, shows that the trial court merely stated that the evidence favored the Pirkles' adverse possession claim, but that issues of fact remained and that the parties' adverse possession claims would have to be resolved by a jury. We conclude that the trial court did not err in this ruling.[3] Accordingly, the appellants' contention that the trial court erred in issuing an injunction because it had ruled that the appellants had acquired title to the property is without merit.

3. Having examined the remaining issues raised by the appellants, we conclude that they are without merit. Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*Cox & Stauffer, Roland Cox, Joseph E. Stauffer,* for appellants.
*Stewart, Melvin & Frost, Frank Armstrong III,* for appellee.

---

[3] *Proctor v. Heirs of Jernigan,* 273 Ga. 29 (538 SE2d 36) (2000) ("The jury decides whether the claimant has presented sufficient evidence to establish the elements of adverse possession.").