A06A1604. SMITH v. TOLAR et al.
(636 SE2d 112)

ANDREWS, Presiding Judge.

R. Eugene Tolar and Jane A. Tolar obtained title by warranty deed to a tract of land in Rabun County located adjacent to land owned by Clifton Smith. The Tolars sued Smith seeking a declaration from the Rabun County Superior Court that the deed conveying them title to the land also conveyed them an express easement across Smith's land. Ruling on cross-motions for summary judgment, the trial court found that the Tolars acquired an express easement; granted the Tolars' motion seeking a declaration of the easement, and

---

denied Smith's motion claiming there was no express easement. Smith appeals and for the following reasons we reverse.

In 2004, the Tolars acquired title to about 20 acres of land by warranty deed from Elizabeth S. Brown. The deed from Brown to the Tolars included the following conveyance:

> Grantor also conveys and specifically warrants to grantees, their heirs, successors and assigns, an easement to use that roadway as same is described in Deed Book O-2, page 286, aforesaid records from G. L. Smith to Homer Cannon and conveyed in subsequent deeds conveying said property which road provides access to that portion of the property lying on the South side of Stekoa Creek as well as access from said property to the nearest public road.

The recorded easement described in deed book O-2, page 286 (Rabun County real property records) was conveyed as part of a 1941 warranty deed from G. L. Smith to Homer Cannon. G. L. Smith was the predecessor in title to the land presently owned by Clifton Smith, and the 1941 deed gave Homer Cannon title to the adjacent land presently owned by the Tolars. The 1941 deed included the following conveyance from G. L. Smith to Cannon:

> As a part of this consideration the grantor also conveys to grantee, his heirs and assigns, the right to use a road which leads from this land on North side of Creek up the creek and acorss [sic] the creek to grantees [sic] land on South side of creek.

The Tolars contend that this language conveyed an express easement to Cannon to use a road leading from Cannon's land on the south side of an existing creek, then in a westerly direction onto G. L. Smith's adjacent land, then in a northerly direction across the creek, then leading further across G. L. Smith's land north of the creek. According to the Tolars' complaint, the purpose of the easement was to provide Cannon with "usable access from the north half to the south half" of his land. The Tolars contend that they were granted the same express easement as successors in title to Cannon. Along with their motion for summary judgment, the Tolars filed an amended complaint in which they contend that the location of the easement they obtained by express grant is shown on a 1964 survey recorded at plat book 6, page 297 (Rabun County real property records) showing property of Clifton Smith. The 1964 survey draws a portion of Clifton Smith's land adjacent to land now owned by the Tolars and shows by dotted lines what appears to be a road running in a generally north to south

direction on Smith's land until it crosses a stream and comes to an end less than 100 feet south of the stream on land adjacent to the land now owned by the Tolars. Nothing on the 1964 survey labels or refers to the apparent road on the survey as all or part of the road or easement intended to be conveyed in the 1941 warranty deed. In support of his motion for summary judgment and in opposition to the Tolars' motion, Smith stated by affidavit and verified responses to interrogatories that the road shown on the 1964 survey running across his land did not lead to the adjacent land later acquired by the Tolars and was never used to access the land now owned by the Tolars.

Although the law does not require legal perfection in the description of an easement, the description must be sufficiently full and definite to afford means of identification. *Hedden v. Hilton*, 236 Ga. 641, 642 (225 SE2d 39) (1976); *Murdock v. Ward*, 267 Ga. 303-304 (477 SE2d 835) (1996).

> While it is not necessary that the instrument should embody a minute or perfectly accurate description of the land, yet it *must furnish the key to the identification of the land intended to be conveyed* by the grantor. If the premises are so referred to as to indicate [the grantor's] intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable.

(Citations and punctuation omitted; emphasis in original.) *Hedden*, 236 Ga. at 642. Whether or not a description is sufficient to convey property is a question of law for the court. *Murdock*, 267 Ga. at 304.

Here, the description of the easement in the 1941 warranty deed and subsequent references to that description in later deeds provides no means to identify the quantity or location of the easement intended to be conveyed. The description does not clearly identify the dimensions of the easement or where it begins, leads, or ends. There is nothing in the record to support the Tolars' contention that the 1964 survey of a portion of Smith's land shows the location of the intended easement. It follows that the express easement sought to be conveyed is void for vagueness and unenforceable. *Hedden*, 236 Ga. at 642-643; *Pirkle v. Turner*, 277 Ga. 308 (588 SE2d 733) (2003). The trial court erred by granting the Tolars' motion for summary judgment and by denying Smith's motion for summary judgment.

*Judgment reversed. Barnes and Bernes, JJ., concur.*

DECIDED AUGUST 31, 2006.

*R. Bruce Russell*, for appellant.
*Cummings & Dillard, Michael H. Cummings II*, for appellees.