**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 18, 2016**

# In the Court of Appeals of Georgia

A16A1070. MORRIS v. BYRD.

BOGGS, Judge.

Sheila Morris appeals from the trial court's grant of summary judgment in favor of Lois Byrd on Byrd's claim for an express easement over Morris's property. Morris asserts that the trial court erred because the express easement at issue is too indefinite to be enforced. We agree and therefore reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003). So viewed, the record shows that Byrd relied solely upon the following language in a deed given by her to

Morris's father and predecessor in title, Kenneth Trowell, to prove the express easement: "Grantor herein reserves a right of ingress and egress over, in and to the above-described property." Following a hearing in which it received evidence on the issue, the trial court issued an order granting Bryd's motion for summary judgment "as to the theory of express easement only." It found that the easement applied to "a certain road over land owned by [Morris] when [Byrd] conveyed said land" to Morris's father, that this road was identifiable and had been in use since the 1930s, that the location of the road was known to both parties, and that it began where a gate was located. Based upon these conclusions, the trial court ordered Byrd to pay for a surveyor to prepare a plat for the location of the road, which the court deemed to be 20 feet in width.

On appeal, Morris asks this court to conclude that the express easement Byrd sought to convey is unenforceable and void due to vagueness.

> A description of land in a deed need not be perfect to be valid. A deed is sufficient to pass title, and will not be declared void for uncertainty of description, if the descriptive averments are certain, or if they afford a key by which the land can be definitely located by the aid of extrinsic evidence. *Without a sufficient key in the deed, extrinsic evidence cannot be added to complete the description.* Whether a description in a deed is sufficient to convey property is a question of law for the court.

2

(Citations and punctuation omitted; emphasis supplied.) *Houston v. Flory*, 329 Ga. App. 882, 887 (1) (766 SE2d 227) (2014). This rule applies to the description of an express easement in a deed. Id.; *Champion v. Neason*, 220 Ga. 15, 16 (136 SE2d 718) (1964).

Here, the trial court erred when it used extrinsic evidence to identify a location and width for the easement because the general and unspecific language in the deed provides no key from which the location of the easement can be determined. See *Pirkle v. Turner*, 277 Ga. 308 (1) (588 SE2d 733) (2003); *Smith v. Tolar*, 281 Ga. App. 406, 408 (636 SE2d 112) (2006). We must therefore reverse the trial court's order granting an express easement to Byrd.

*Judgment reversed. Barnes, P. J., and Rickman, J., concur*.